## *In re* FOLSOM'S ESTATE.

No. 6614.　Opinion Filed March 14, 1916.

Rehearing Denied April 5, 1916.

(159 Pac. 751.)

1. **COURTS—Appellate Jurisdiction—Dismissal of Appeal..** Where notice is given and bond executed and approved 'for an appeal, in a probate matter, from the county court to the district court, the district court is without jurisdiction to dismiss the appeal until after the transcript provided by section 6513, Rev. Laws 1910, has been transmitted to the clerk of the district court to be filed in his office.

2. **SAME—Transmission of Transcript.** When the appellant in an appeal, in a probate matter, from the county court to the district court, has neglected to have the transcript provided by section 6513, Rev. Laws 1910, timely transmitted to the clerk of the district court, the appellee may invoke the remedy provided by section 6516, Rev. Laws 1910, to have such transcript transmitted to the clerk of the district court, and thereby confer jurisdiction on the district court of such appeal.

(Syllabus by Collier, C.)

*Error from District Court, Haskell County;*
*W. H. Brown, Judge.*

In the matter of the estate of Cornelia Folsom, deceased. From a judgment dismissing an appeal from an order of the county court denying revocation of probate of a will, Saul J. Folsom brings error. Reversed and remanded.

*Linebaugh Bros. & Pinson,* for plaintiff in error.

*Malcolm E. Rosser, G. A. Holley, Geo. S. Ramsey,* and *Edgar A. de Meules,* for defendant in error.

Opinion by COLLIER, C. The will of Cornelia Folsom was admitted to probate on the 23d day of December, 1911, in the county court of Haskell county, Okla. Letters

testamentary were issued thereupon to G. A. Holley, and thereafter Saul J. Folsom, plaintiff in error herein, filed a contest of said will, which was duly heard and denied. From this order denying the revocation of probate of said will Saul J. Folsom took an appeal by filing in the county court of Haskell county a notice of appeal, stating his grounds of appeal to be both upon questions of law and of fact. On the 21st of November, 1912, said Saul J. Folsom filed an appeal bond, which was duly approved by the county judge on said day, which said bond was made payable to estate of Cornelia Folsom, deceased. The county judge failed to send up a transcript of said cause appealed, and about 18 months thereafter G. A. Holley, an executor of the will of Cornelia Folsom, deceased, together with others interested in said estate, served upon E. O. Clark a notice of hearing motion to dismiss appeal, which notice was served at 1:20 p. m. on said 24th day of February, 1914, and was directed to the appellant, E. O. Clark, and Linebaugh Bros., attorneys of record, and was to the effect that at 4:30 p. m. of the same day a motion to dismiss appeal, taken as above set out, would be presented to the district judge of the county of Haskell. Thereupon appellant, by his attorney, moved the court to make an order upon the county judge to make and transmit certified copies of the notice of appeal, bond, judgment, decree, orders, minutes, records, papers, and proceedings had in the county court of Haskell county to the clerk of the district court, to be filed as soon as reasonably possible, which request or motion was denied, the court announcing as his reason that the court had pending before it a motion to dismiss the appeal, to which denial of the court contestant excepted. On the same day the appellee moved the court to dismiss the appeal therein, upon the grounds: That said

contestant, Saul J. Folsom, did attempt to appeal from said order by filing in said cause a notice of appeal and a bond for the same, but that said notice was not in due form as provided by the statutes of the State of Oklahoma, and that the pretended appeal bond filed therein was void and insufficient, for the reason that the said bond does not run to the proper obligee, and does not run to and in favor of the person contemplated by the laws of the State of Oklahoma and the statutes in such case made and provided, in that said bond runs in favor of the estate of Cornelia Folsom, deceased, and not in favor of the contestees therein; that no effort had been made upon the part of the appellant, Saul J. Folsom, to perfect his appeal, and that a period of almost 18 months had elapsed after the filing of said notice of appeal, and that for said reason the said appellant had not prosecuted his appeal with diligence as provided by the statutes of this state, and movants alleged and stated the fact to be that said appeal was not taken in good faith, but for the purpose of delay, and further said that if said appeal was taken in good faith, appellant wholly failed to prosecute the same, and for the above reasons the court should hold that said appeal had been abandoned. The said Saul J. Folsom moved to strike the said motion to dismiss the appeal, for the reason that the transcript of the record of the county court had never been filed in the district court, nor had the case been properly docketed upon the dockets of the district court, as required by law, and for the further reason that the case had not been properly set for hearing, as required by law. It was thereupon agreed in open court that the transcript of the record from the county court had never been filed in the district court, and that the same had not been docketed upon the dockets of the district court prior to the

filing of this motion, and that the same had not been set for trial 12 days before the beginning of the December, 1913, term. The motion to strike was denied and exception duly saved. Thereupon the said Saul J. Folsom filed a response to the motion to dismiss, upon the ground that the transcript had not been filed in the office of the clerk of the district court. The said G. A. Holley then offered in evidence the last will and testament of Cornelia Folsom, deceased, the order admitting the will to probate, the certificate of proof of will, the letters testamentary, the contest of the will filed by the contestant, the order denying petition to set aside the former order admitting the will to probate, and the appeal bond. To the admission of said evidence the said Saul J. Folsom objected, which objections were overruled and exception duly saved. The court then rendered judgment, dismissing the appeal of said Saul J. Folsom, to which he duly excepted, and brings the case here for review.

Section 6513, Rev. Laws 1910, provides:

"The judge of the county court must, within ten days from the filing of the notice of appeal and the giving of the required bond, cause a certified copy thereof and of the judgment, decree or order, or specific part thereof appealed from, and of the minutes, records, papers and proceedings in the case, to be transmitted to the clerk of the district court of the county, to be filed in his office; and the appeal may be heard and determined at any day thereafter by said court, at any general, special or adjourned term; and if the appellant make no appearance when the case is called for trial, or otherwise fail to prosecute his appeal, the respondent may, on motion, have the appeal dismissed, or may open the record and move for an affirmance."

Section 6516, Rev. Laws 1910, provides:

"If the judge of the county court neglect or refuse to make or transmit such certified copies as are hereinbefore required to be transmitted to the clerk of the district court in cases of appeal, he may be compelled by the district court by an order entered, upon motion, to do so; and he may be fined, as for contempt, for any such neglect or refusal. A certified copy of such order may be served upon the county judge by the party or his attorney."

We are of the opinion that until the transcript of the proceedings in the county court in the matter appealed from is filed with the clerk of the district court, the district court does not acquire jurisdiction of the appeal from the county court,. and consequently, it being admitted that the transcript of appeal in the instant case had not been filed with the clerk of said district court, the trial court committed reversible error in assuming jurisdiction of and dismissing the appeal.

Section 6516, *supra,* gives to appellee an efficient procedure of having said transcript of the proceedings in the county court filed in the district court, and the proper procedure, to have secured jurisdiction by the district court of said appeal, would have been for the appellee, upon the neglect of the appellant to have the transcript so filed, to have the transcript filed under authority given by said section 6516, as said section can be invoked by either party to the appeal. We think the court was in error in overruling motion of appellant for an order requiring the judge of the county court to transmit to the clerk of the district court, now officially known as "court clerk," the transcript of the case, as authorized by said section 6516.

Under the view we take of the case we deem it unnecessary to review any of the other errors assigned.

This case should be reversed and remanded.

By the Court: It is so ordered.

Rehearing Denied April 5, 1916.