## In re TOSKEY'S ESTATE. SAWYER v. FOSTER et al.

No. 20808.  Opinion Filed April 12, 1932.
Rehearing Denied May 24, 1932.

J. S. Severson, for plaintiff in error.

T. H. Ottesen, for defendants in error.

HEFNER, J. This is an appeal by Almon Sawyer from an order of the district court of Okfuskee county dismissing his appeal in a contested heirship proceeding in the case of the estate of Toskey, deceased, full-blood Creek Indian. Judgment was rendered against appellant by the county court of Okfuskee county on April 4, 1928, decreeing that he was not a legal heir of Toskey, deceased. Within ten days after the rendition of the decree, Sawyer gave notice of appeal to the district court, and also filed an appeal bond, which was approved by the county judge. The transcript was not filed in the district court until January 11, 1929. On motion of defendants in error, the appeal was dismissed on the ground that it was not filed within six months after the rendition of the decree in the county court.

Defendants in error contend that the district court had no jurisdiction to hear the appeal for the reason that it was not filed within six months, and in support thereof rely upon section 798, C. O. S. 1921. We think this section has no application to appeals from the county court, in probate matters, to the district court. Such appeals are governed by other sections of the statute.

Section 1413, C. O. S. 1921, provides:

"An appeal by a party, or by a person interested who was present at the hearing, must be taken within ten days, and an appeal by a person interested, who was not a party and not present at the hearing, within 30 days from the date of the judgment, decree, or order appealed from."

Section 1414, C. O. S. 1921, in part, provides:

"The appeal must be made:

"First, by filing a written notice thereof with the judge of the county court, stating the judgment, decree, or order appealed from, or some specific part thereof, and whether the appeal is on a question of law, or of fact, or of both, and if of law alone, the particular grounds upon which the party intends to rely on his appeal; and

"Second, by executing and filing within the time limited in the preceding section, such bond as is required in the following sections. * * *"

Section 1422, C. O. S. 1921, provides:

"The judge of the county court must, within 10 days from the filing of the notice of appeal and the giving of the required bond, cause a certified copy thereof and of the judgment, decree, or order, or specific part thereof appealed from, and of the minutes, records, papers, and proceedings in the case, to be transmitted to the clerk of the district court of the county, to be filed in his office; * * * and if the appellant make no appearance when the case is called for trial, or otherwise fails to prosecute his appeal, the respondent may, on motion, have the appeal dismissed, or may open the record and move for an affirmance."

After the filing of the notice and appeal bond, as provided by sections 1413 and 1414, supra, it was the duty of the county judge, under section 1422, supra, to file the transcript in the district court within ten days thereafter. The mere fact that the county judge neglected to file the transcript would not deprive plaintiff in error of his right of appeal.

Section 1425, C. O. S. 1921, provides:

"If the judge of the county court neglect or refuse to make or transmit such certified copies as are hereinbefore required to be transmitted to the clerk of the district court in cases of appeal, he may be compelled by the district court by an order entered, upon motion, to do so; and he may be fined, as for contempt, for any such neglect or refusal. A certified copy of such order may be served upon the county judge by the party or his attorney."

Under this section, by proper proceedings in the district court, a filing of the transcript of the proceedings from the county

court may be compelled by the district court. If the transcript is not filed by the county judge, we think the party desiring to appeal should be required to bring proceedings, under this section, within a reasonable time, to compel the filing thereof, and if it is not filed within a reasonable time, the appellate court, in its discretion, may dismiss the appeal. Boggs v. Mallory, 26 Okla. 395, 109 P. 66.

The appeal was not dismissed for want of diligent prosecution, but because not filed within six months. Section 798, supra, was construed as authority for such dismissal.

Section 1011, O. O. S. 1921, which governs appeals from the justice court, is very similar to that applicable to appeals in probate matters. This statute was construed in the case of C., R. I. & P. Ry. Co. v. Elsing, 52 Okla. 329, 152 P. 1091, and in the first paragraph of the syllabus this court said:

"Where, in an action commenced before a justice of the peace, after trial had and judgment rendered, an appeal bond is duly filed and approved, the appeal is thereby perfected, and the action is still pending, although no transcript has been filed with the clerk of the appellate court."

This case also holds that, under the statute, it is the duty of the justice of the peace, after the appeal bond has been filed and approved, and not the duty of the appellant, to file a transcript of the proceedings, the appeal bond, and all the papers in the cause, with the clerk of the appellate court; that the failure and neglect of the justice of the peace to file such transcript, within the time fixed by the statute, is not, of itself, sufficient grounds for a dismissal of the appeal.

We think the rule announced in this case is applicable to the case at bar. It is true. as contended by defendants in error, that the statute providing for appeals from the county court, in probate matters, to the district court does not specifically provide that the appeal shall be complete on filing of the appeal bond. We think, however, it is not subject to any other construction. It provides that the appeal may be taken by giving the notice of appeal, and filing appeal bond, within 10 days. Section 1414 specifies that the appeal must be made by filing a written notice of appeal and giving an appeal bond.

It seems clear to us that it was the intention of the Legislature that the appeal should be complete upon the giving of written notice of appeal and filing an appeal bond.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.

Note.—See under (2), 2 R. C. L. 167; R. C. L. Perm. Supp. p. 356.