## KING-GODFREY, Inc., v. ROGERS, Sheriff, et al.

No. 20955.   Opinion Filed May 24, 1932.

Welty, Harrison & LaFon, for plaintiff in error.

Bruno H. Miller, for defendants in error.

HEFNER, J.   This is an action in replevin brought in the district court of Oklahoma county by King-Godfrey, Inc., a corporation, against Stanley Rogers, sheriff, W. L. Fant, and A. P. Bethel, to recover possession of four automobiles and to enjoin the sale thereof under execution. The trial was to the court and resulted in judgment in favor of defendants. Plaintiff has appealed and asserts that the judgment is contrary to law.

Defendants Fant and Bethel were the owners of the automobiles and executed a mortgage thereon to plaintiff. Defendant Rogers had levied on them under execution issued out of the district court upon a judgment in favor of J. C. Mondie and against defendants Fant and Bethel. Plaintiff concedes that its mortgage was not filed for record prior to the issuance of the execution herein mentioned. The execution was issued on June 11, 1929, and plaintiff's mortgage was filed for record on June 12, 1929. Its mortgage was therefore void as to Mondie, the execution creditor of defendants Fant and Bethel. Section 7650, C. O. S. 1921.

Plaintiff, however, contends that the motor vehicle registration act of 1925, chapter 43, S. L. 1925, supersedes the mortgage registration act in so far as it applies to automobiles. It is urged that the owner of automobiles is required to obtain a title certificate, and in order to do so is required to file an application therefor in which, among other things, he is required to state, under oath, that he is the owner thereof and to recite in detail all liens existing against the automobile; that a copy of such application is required to be kept on file in the office of the State Highway Commission; and that such application operates to impart notice to creditors of all liens existing against such automobile. We do not agree with this contention. The act in question, in our opinion, was enacted as a police regulation for the benefit of the state and not as a substitute for the mortgage registration act.

With reference to such an enactment, the Supreme Court of Minnesota, in Amick v Exchange State Bank, 204 N. W. 639, said:

"Doubtless the law in question was enacted as a means of a more efficient and certain method of taxation, and as an aid in the prevention and detection of crime, and not for the purpose of putting the proof of title to personal property upon a higher plane than the title to real estate, which may now be established by the ordinary proofs in actions to determine adverse claims. * * * We are of the opinion that the statute was passed exclusively for the benefit of the state, and that it, as a registration act, has no application to creditors and vendees of the person who holds the certificate of registration. * * *"

We find no language in the act cited by plaintiff indicating that it was the intention of the Legislature that this enactment was to supersede the mortgage registration act.

Judgment is affirmed.

CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.