### O'NEILL v. CUNNINGHAM et al.

No. 21247. Opinion Filed Sept. 20, 1932.

C. B. Leedy, for plaintiff in error.

Simons, McKnight, Simons & Mitchell, for defendants in error.

HEFNER, J. This is an action brought in the district court of Ellis county by Andy O'Neill, an incompetent, by J. C. Moorehead, his guardian, against Ray Cunningham and the United States Fidelity & Guaranty Company to recover on an appeal bond executed by defendant Cunningham.

It appears that Cunningham was the former guardian of plaintiff and that he was by order of the county court of that county superseded in that capacity by J. C. Moorehead, the present guardian. After the appointment of Moorehead, Cunningham filed his final account in the county court; hearing was had thereon, and the court

disallowed certain items thereof and rendered judgment against him in the sum of $1,086.52, and directed that said amount be paid to the present guardian. Cunningham gave notice of appeal to the district court from that judgment, and on August 4, 1928, executed an appeal bond with defendant United States Fidelity & Guaranty Company as surety, which bond was duly approved by the county court. The appeal was never filed in the district court, and plaintiff, on April 16, 1929, through his present guardian, brought this action to recover on the appeal bond the amount of the judgment rendered against defendant in the county court, and based his action on the theory that the bond was breached by reason of the fact that defendant failed to prosecute his appeal with due diligence. The defense was that the action was prematurely brought, and that an action would not lie on the appeal bond until the appeal was finally disposed of by the district court. The trial court sustained this defense, and entered judgment dismissing plaintiff's cause of action. This ruling is assigned as error by plaintiff.

In our opinion the judgment of the trial court is correct. In the case of Sawyer v. Foster, 157 Okla. 216, 11 P. (2d) 491, this court announced the following rule:

"A party in an appeal in a probate proceeding from the county court to the district court, who has given the appeal bond and has filed the written notice of appeal, as is provided by sections 1413 and 1414, C. O. S. 1921, cannot be deprived of his appeal by failure of the county judge to file the transcript, as provided by section 1422, C. O. S. 1921."

Under the holding in that case, the failure of the county judge to file in the district court a transcript of the proceedings from the county court, after the filing of notice of appeal and the execution of an appeal bond, will not deprive defendant of his right of appeal. Either party might compel the filing of the transcript by the county judge under section 1425, C. O. S. 1921 [O. S. 1931, sec. 1413], but until such transcript is filed, the district court acquires no jurisdiction of the appeal. In re Folsom Estate, 57 Okla. 79, 159 P. 751. However, after the filing of the transcript, if the filing were delayed an unreasonable time by the party appealing, the appellate court might, within its discretion, dismiss the appeal for failure to prosecute it, with due diligence. Sawyer v. Foster, supra. The giving of the appeal bond, however, operates to supersede the judgment of the county court and until the appeal is disposed of by the appellate court no action will lie on the appeal bond.

Plaintiff's action was prematurely brought, and the trial court committed no error in dismissing the same.

The judgment is affirmed.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and ANDREWS, J., absent.