## In re ASSSESSMENT OF PROPERTY OF KENNEDY et al.

No. 23501. Jan. 30, 1934.

As Corrected Feb. 2 and 12, 1934.

Hayes, Richardson, Shartel, Gilliland & Jordan and James P. Gilmore, for plaintiffs in error.

F. M. Dudley, for Attorney General.

Leander Hall, for County Attorney of Osage County.

Ed Waite Clark, Frank T. McCoy, John R. Pearson, and John T. Craig, Special Counsel.

BUSBY, J. This action originated before the county treasurer of Osage county. The tax ferret employed by that county caused to be instituted a proceeding before the county treasurer to place upon the tax rolls as omitted property, certain promissory notes belonging to S. G. Kennedy and W. A. Springer. These notes were alleged to have been subject to taxation in Osage county during the years 1917, 1918, and 1919. W. A. Springer was deceased at the time of the institution of the proceedings, and notice of the intended listing and assessment of the notes was sent to his heirs. The word "taxpayers" will be used in the subsequent portion of this opinion to refer to S. G. Kennedy and the heirs of W. A. Springer.

The taxpayers filed written objections before the county treasurer to the proposed listing and assessment of the alleged omitted property. The matter was set for hearing and heard by the county treasurer, who, on the 30th day of June, 1931, rendered his decision determining that the property in question was not taxable. From this decision the county attorney of Osage county undertook to perfect an appeal to the county court. When the matter finally came on for trial before the county court of Osage county, the taxpayers filed a motion to dismiss the appeal upon the theory that it had not been perfected in the manner required by law, and that the county court of Osage county was without jurisdiction to try the issues in the cause. This motion was overruled and exceptions taken. The county court of Osage county then proceeded with the trial of the cause de novo, and at the conclusion thereof entered its judgment and decision holding that the alleged omitted property was taxable and should be listed and assessed for taxes for the years 1917, 1918, and 1919. From this judgment and decision of the court, this appeal has been perfected to this court.

The taxpayers assign as error the action of the county court in overruling a motion to dismiss their appeal from the county treasurer. They assert that the trial court was without jurisdiction to try this cause on appeal for the reason that no transcript was ever filed in the county court of Osage county attorney presented a written notice closes that no transcript whatever was filed in the county court. It appears that the county attorney presented a written notice of appeal to the county treasurer on the 8th day of July, 1931. On the same day there was filed in the office of the court clerk of Osage county a group of papers purporting to be the original papers previously on file with the county treasurer. These papers were not prepared in the form of a transcript, nor did they have any certificate attached thereto such as usually and customarily accompanies a transcript. The question then presented is whether a transcript was essential to the jurisdiction of the county court. The answer to this question depends upon a construction of the statute regulating appeals from the decisions of the county treasurer.

In this class of cases section 12346, O. S. 1931, provides, in part:

"An appeal may be taken to the county court for (sic) the final action of the treasurer within ten days, by giving notice thereof in writing and filing an appeal bond, as Section 7680, supra, provides that the county commissioners to the district court."

The effect of the above statutory provision is to adopt the procedure regulating appeals from the board of county commissioners to the district court as the procedure

governing appeals from the county treasurer to the county court in cases involving omitted property. Sections 7679 to 7683, inclusive, O. S. 1931, provide the procedure in appeals from the board of county commissioners. Section 7860, supra, provides that the county clerk shall prepare and file in the office of the clerk of the district court a proper transcript of the proceedings before the board of county commissioners. By analogy, then, in a proceeding to assess omitted property, it becomes the duty of the county treasurer to prepare and file a similar transcript in the county court where an appeal has been taken from his decision. Hamilton, Co. Treas., v. International Bank of Haskell, 114 Okla. 28, 242 P. 858.

We are thus confronted with one of that character of cases in which, after the party desiring to appeal has taken certain steps prescribed by the statutes, it becomes the duty of the public official who tried the case to prepare and transmit the record to the appellate tribunal. The effect of the failure on the part of the county treasurer to perform this duty does not seem to have been previously considered by this court. Similar statutory provisions prescribing the manner of transferring an appeal case exist in connection with appeals from the justice court and from the county court to the district court in probate matters. These statutes have been construed by this court and the effect of the failure to file a transcript by the officer charged with the duty has been considered and determined, and, by analogy, these decisions are controlling in the case at bar. Section 1022, O. S. 1931, makes it the duty of a justice of the peace in connection with appeals from his court to prepare and certify transcripts and transmit the same to the appellate court. In the case of Hart v. Grove, 76 Okla. 179, 184 P. 572, this court held that such transcript was jurisdictional, and that until the same was filed in the district court that court had no jurisdiction of the subject-matter. The rule was announced in syllabus paragraph 3 as follows:

"Proceedings in the appellate court are based upon the justice of the peace transcript, without which it has no jurisdiction of the subject-matter."

Likewise, section 1410, O. S. 1931, dealing with the subject of appeals from the county court to the district court in probate matters, imposes upon the judge of the county court the duty of transmitting to the district court certified copies of certain enumerated papers and proceedings. In the case of In re Folsom's Estate, 57 Okla. 79, 159 P. 751, this court held that the appellate

jurisdiction in the district court did not attach until the duty had been performed by the officer designated. In both of the last-mentioned cases, as in the case at bar, the duty of preparing and transmitting the record to the appellate tribunal is imposed upon the officer who tried the case in the first instance. In both instances it has been held that the jurisdiction of the appellate tribunal does not attach until the transcript of record required by statute has been prepared and transmitted. It follows that in appeals from decisions of the county treasurer in cases involving omitted property, the jurisdiction of the county court does not attach until the receipt of a transcript. The appellees allege that the case at bar may be distinguished on the theory that the proceeding appealed from in this cause is not strictly judicial. We deem it unnecessary in the consideration of the decision in this case to classify the nature of the proceeding before the county treasurer. Regardless of whether it is a judicial proceeding or a quasi judicial proceeding by an administrative officer or the decision of an administrative officer in a matter involving administrative discretion, the result must be the same. Regardless of the classification of the procedure before the county treasurer, the remedy of the losing party in that procedure is by appeal, and the method in which the appeal shall be taken is defined by the statutes, and since the remedy is a creature of the statutes, a substantial compliance therewith is essential. We are not unmindful that it is contrary to the policy of the law that the rights of a litigant shall be lost by the failure on the part of a public official to perform his duty within the time required by law. In accordance with this principle it has been held that a delay of several months occasioned by the failure of a justice of the peace to file the required transcript does not entitle the appellate court to dismiss such appeal after such a transcript has been filed. Chicago, R. I. & P. Ry. Co. v. Elsing, 52 Okla. 329, 152 P. 1091. Likewise a delayed transmission of a cause from the county to the district court in a probate appeal does not deprive the district court of jurisdiction after the appeal has been lodged. In re Folsom's Estate, supra. If the public official charged with the duty of transferring the cause fails to act, he may be compelled to do so by judicial process. Thompson, County Judge, v. State ex rel. Ficklin, 54 Okla. 647, 154 P. 508. It thus appears that if a public official charged with the duty of preparing and transmitting a transcript fails to act within the time prescribed by statutes, the cause is regarded as still pending before the in-

ferior tribunal for the purpose of preparing the record and transferring the same. As applied to this case, the same is still pending before the county treasurer of Osage county for the purpose of preparing and transmitting to the county court of that county a proper transcript of the proceedings. The question whether or not, after the case has been transferred, the same should be dismissed for failure on the part of the party seeking to appeal to diligently prosecute his appeal is a matter which is not before us at this time under the view we adopt on this proceeding.

While there are some authorities to the effect that when an original paper is incorporated in and made a part of a transcript the same should be considered as a copy (Drake v. Dodsworth, 4 Kan. 159), the prevailing view in the courts of other jurisdictions is that the original papers are not a proper part of the transcript and may not be considered as such. Mitchell v. Sturtevant, 78 Ore. 214, 152 P. 875; In re Extension of Boundaries of Crow Creek Irr. Dist., 63 Mont. 293, 207 P. 121; Cornell v. Mathews (Mont.) 72 P. 975. We are not unmindful of the fact that defects in the form of a transcript may be amended; thus the failure of the judge to certify the transcript may be cured by amendment. Chicago, R. I. & P. Ry. Co. v. Moore, 34 Okla. 199, 124 P. 989. In fact, when, as in this case, a statute does not specifically prescribe a certificate, the same may be omitted, although it is the better practice to properly certify the transcript. Stephenson v. State (Ind.) 179 N. E. 633. Defects in the form of a transcript may be cured by amendment, and do not defeat the jurisdiction of the appellate court. However, the defect in this case is one of substance rather than of form. The county treasurer undertook to transmit the cause to county court for trial de novo on appeal by a physical transfer of the original papers. To place the stamp of approval on such an attempted transfer would be to hold that the county treasurer need not observe the statutory provisions prescribing the method of transferring a cause at all, but might in lieu thereof substitute a method of his own wholly unauthorized by statute.

The appellees call our attention to the fact that before this cause was called for trial the county attorney of Osage county presented a motion to the county court to require the taxpayers to furnish copies of certain documents, and that the taxpayers appeared and resisted that motion without objecting to the jurisdiction of the court. It is asserted by the appellees that this con-

stituted the entry of an appearance and waived all questions concerning jurisdiction of the court on appeal. The effect of entering a general appearance is to waive objection to the jurisdiction of the court over the person. The entry of such an appearance does not and cannot cure a want of jurisdiction of the court over the subject-matter, since jurisdiction over the subject-matter cannot be conferred by consent of the parties or by stipulation. Model Clothing Co. v. First National Bank of Cushing, 61 Okla. 88, 160 P. 450.

As we have already seen, the failure to file a transcript relates to and affects the jurisdiction of the court over the subject-matter and its power to determine the issues on appeal. Hart v. Grove and In re Folsom's Estate, supra. The judgment of the county court of Osage county will be vacated and the cause remanded, with directions to the county court to enter an order dismissing the purported appeal and the decision of the county treasurer, without prejudice to the rights of the county attorney to present the appeal when, and if, a proper transcript is filed in the county court.

In view of the fact that no transcript appears in the record herein from which we may judicially determine what steps were taken in the proceedings before the county treasurer, we have not in this opinion treated or passed upon questions relating to the necessity or sufficiency of the notice of appeal.

SWINDALL, ANDREWS, BAYLESS, and WELCH, JJ., concur. RILEY, C. J., CULLISON, V. C. J., and OSBORN, J., dissent. McNEILL, J., absent.