Jeanette Bewley ARMENT, Plaintiff in Error,

v.

SHRINERS CRIPPLED CHILDRENS HOSPITALS, Defendant in Error.

No. 36792.

Supreme Court of Oklahoma.

Feb. 14, 1956.

Rehearing Denied May 2, 1956.

Application for Leave to File Second Petition for Rehearing Denied
July 10, 1956.

# 1050

Frank Settle, M. F. Ellison, Tulsa, for plaintiff in error.

W. F. Semple, Harold E. Rorschach, Cornine Childs, Tulsa, Robert P. Smith, Washington, D. C., for defendant in error.

HUNT, Justice.

On March 24, 1952, L. A. Bewley, resident of Tulsa, Oklahoma, died. Surviving him were his wife, Mildred E. Bewley, and plaintiff in error, a daughter by a previous marriage, who was 44 years of age at the time, and suffering from physical disability resulting from illness during childhood.

On April 10, 1952, the widow petitioned the county court to admit to probate a sealed instrument offered as deceased's last will and testament. In due course the instrument was admitted to probate as a valid, holographic will, and a bank was appointed executor of the estate. The widow filed an election not to take under the will, but to take under the laws of succession, thereby being entitled to one-half of the distributive estate. Plaintiff appealed to the District Court from the order admitting the will to probate, but thereafter dismissed such appeal.

In performance of the customary duties the executor filed inventory and appraisal of the property enumerated in the will and made the subject of seven specific devises, upon the assumption same were a part of testator's estate. Thereafter the executor discovered that legal title to six of the eight tracts of real property which decedent had undertaken to devise was vested in decedent and his wife as joint tenants, and upon his death legal title thereto vested in the surviving widow. One tract had been sold by decedent prior to death. Of the property sought to be devised only one tract mentioned in the will was legally devisable.

Upon such discovery the executor filed an amended inventory and appraisal, excluding therefrom the joint tenancy properties. The widow then procured a decree of the County Court establishing termination of the joint tenancy and the vesting of sole ownership to these properties in herself as the survivor. This left for consideration only the property devised under what decedent designated in the will as "Distribution of Assets No. One". This portion of the will provided, in substance, as follows: The real property located at 510–512–514½–516–516½ South Denver in Tulsa, Oklahoma, together with property (described by street address) in Cushing, Oklahoma, was to be distributed to the trustee, First National Bank & Trust Company of Tulsa, Oklahoma, and the use of or income therefrom was to go to the surviving widow for her lifetime, and upon her death this property was to go to the Shriners Hospitals for Crippled Children. However, the described property in Cushing, Oklahoma, was one of the joint tenancy properties mentioned heretofore and comprised no part of the estate.

Plaintiff in error was devised a life estate in two pieces of real property, one of which was subject to a prior life estate in favor of her mother, another bequest of real property was made to the divorced wife of the testator, one to a sister, one to his brother, one to a nephew, and one to a former employee, such bequests being a life estate with remainders principally to educational and eleemosynary institutions. With the exception of the first bequest of a life estate in certain real property to the widow and remainder to the defendant in error, the decedent did not have any legal right to dispose of such property. The will contained no residuary clause and made no disposition of a limited amount of personal property nor of a parcel of real estate, the appraised value of which was $591, nor of

the homestead, appraised at $1,530.53, which was owned by decedent and his wife as tenants in common.

During the course of administration the property in Tulsa, mentioned in the first bequest, was taken in condemnation proceedings at a price of $40,000. Liquidation of existing indebtedness and settlement of attorneys' fees and expenses will reduce this amount approximately to $15,000, and it is this fund, in lieu of real estate, which is the subject of this litigation.

The executor filed petition for determination of heirs and distribution of the estate. Plaintiff then filed objections thereto and petition asking that the will be declared void and the estate be distributed as intestate property. The petition set forth that the will disclosed testator's intention to provide for his wife and child, but the legal impossibility of carrying out the entire plan destroyed such intention, precluded a fair construction thereof as a proper instrument for distribution of the estate, and worked an obvious injustice by eliminating plaintiff as a beneficiary if the one remaining bequest in the will should be enforced.

The County Court, in its final decree of distribution, sustained the objections of Jeanette Bewley Arment to the distribution of the estate under the will. Paragraph 2 of the court's decree is in part as follows:

"2. That the failure of all the terms of said will except a part of Request Numbered One, which pertains to the property located on South Denver Street, and which is described as, The South 75 feet of Lot 2, Block 152, Original Town, Tulsa, Oklahoma, has so completely changed the subject matter upon which the will was intended to operate that it is impossible for the Court to effectuate the testator's manifest intent, purpose and general scheme by enforcing the remaining part of said will."

The County Court decreed the entire will void and inoperative as a proper vehicle of distribution, and ordered the estate distributed in equal shares to the surviving widow and plaintiff, as decedent's legal heirs, except as to the homestead, in which the widow was decreed a three-fourths interest and the daughter a one-fourth interest.

Defendant in error, Shriners Crippled Childrens Hospitals, appealed to the District Court from such order and judgment. After consideration of the case the District Court made written findings of fact and conclusions of law, the substance of which is noted hereafter, vacated the orders of the County Court and entered judgment upholding the will as to the devise, Bequest No. One, to the defendant in error.

The Court concluded as a matter of law that the rule of law relied upon in the case of Scott v. Dawson, 177 Okl. 213, 58 P.2d 538, and McLaughlin v. Yingling, 90 Okl. 159, 213 P. 552, and cited by the plaintiff in error, did not apply in the present action, and that the petition to declare the will void and distribute the estate as intestate property should be overruled. Judgment was entered in accordance with the findings of fact and conclusions of law, and the case was remanded to the probate court with directions to distribute the property, most of which had been converted into money, in accordance with the devise, Number One, in the will.

Plaintiff's theory of the case is presented under three propositions, the first two of which are based upon the rules announced in the two cases cited above and may be considered together. The foundation of the plaintiff's appeal rests upon the application to the present case of the following rule, announced in the fifth paragraph of the syllabus in Scott v. Dawson, supra:

"Bequests in a will, valid in themselves, must be rejected with the invalid ones, if the retention of them would defeat the testator's general scheme adopted, or if manifest injustice would result to the beneficiaries."

In support of the correctness of the trial court's judgment defendant urges eight counter propositions, based principally upon the proposition that the above quoted rule has no application in the present case, and that statutory rules of construction of wills defined the test to be applied herein and precluded such interpretation of the will as plaintiff seeks to have placed thereon.

There is no conflict in the evidence and the appeal principally involves the question or questions of law and the proper application of the law to the facts. It is not unusual for persons to misconceive the extent of their testamentary rights. Had the decedent in the present action survived his wife he would have succeeded to the full title to the property which was jointly owned, and his will would have then applied to such property. The will was in the handwriting of the testator, and it is apparent from the form of the will and its wording that no legal aid was had in its drafting. The defendant in error calls attention to certain statutory rules for the construction of wills, 84 O.S.1951 §§ 151, 152, 156 and 160, which we have considered in connection with the record and argument that such rules sustain the action of the trial court in upholding a portion of one bequest in the will and in excluding six others. Such rules are an aid, but they must be considered in connection with other well established principles and rules of law and the facts in each case. Section 151 provides that a will is to be construed according to the intention of the testator. When his intention cannot have effect to its full extent it must have effect as far as possible. It will be observed that the latter part of the rule is qualified by the words "as far as possible", so it may be applied only where its application would be in accord with the intention of the testator and not in conflict therewith, such intention to be ascertained from the whole instrument. The cardinal rule in the construction of wills has been frequently stated by this court as follows:

"1. The cardinal rule for the construction of wills is to ascertain the intent of the testator, and give effect thereto, if such intent does not attempt to effect that which the law forbids. All rules of construction are designed for this purpose, and all rules and presumptions are subordinate to the intent of the testator where that has been ascertained." Parnacher v. Hawkins, 203 Okl. 387, 222 P.2d 362.

The case of Scott v. Dawson, 177 Okl. 213, 58 P.2d 538, previously referred to herein, is cited and relied upon by the plaintiff in error as controlling under the facts and record in this action, and requires the reversal of the judgment of the trial court; the 5th syllabus reads as follows:

"Bequests in a will, valid in themselves, must be rejected with the invalid ones, if the retention of them would defeat the testator's general scheme adopted, or if manifest injustice would result to the beneficiaries."

The same rule is stated in 57 American Jurisprudence, Sec. 38, p. 65. The rule was upheld and applied in McLaughlin v. Yingling, supra, where there were eight bequests in the will, one only of which was held invalid because of the rule against perpetuities, but further held that the general scheme and plan of the testator's disposal of his estate was thereby destroyed and the will declared invalid. Counsel for defendant in error asserts that such rule is inapplicable and not controlling in this case because of a marked difference between the facts in the present case and those in which such rule was applied.

In Scott v. Dawson, supra, the testatrix devised to her children all her homestead allotment and devised all her surplus allotment of land to her husband. The devise of the homestead was invalid because of Federal restrictions. This court concluded that to uphold the devise of her surplus allotment to the husband, and in addition thereto permit him to receive a share in the homestead allotment would be a violation of the general testamentary plan or scheme of the testatrix in disposing of her property, violative of the will of the testatrix and result in an injustice, and held the devises under the will to be interdependent and, obviously, not to be treated separately.

A clear exposition of the rule applied in Scott v. Dawson, supra, is quoted therein from the opinion in Reid v. Voorhees, 216 Ill. 236, 74 N.E. 804, as follows:

"'Where provisions of a will are in fact independent, and not for the carrying out of a common or general purpose, it is undoubtedly true that such as are contrary to law may be rejected

without in any manner affecting valid provisions. The statement, however, that a valid provision will be sustained if no violence is done to the parts sustained by the rejection of the invalid provisions is too narrow a statement of the rule, and is in disregard of the cardinal principle that the testator's wishes, as evidenced by the general scheme adopted, are to be taken into consideration, so that justice must be done if it can be. The rule as stated by appellees would seldom ever permit a valid provision to be set aside because other provisions were held invalid. It would be difficult to frame a will so that the rejection of the invalid provisions could seriously affect or do violence to valid provisions which might be sustained. The correct solution can only be arrived at by taking into consideration the general scheme and intention of the testator, and the effect that defeating a part of the provisions may have upon the general scheme of the testator, or on the beneficiaries or objects of his bounty.' "

This court further, in its opinion in Scott v. Dawson, supra, quotes from a Missouri case, Sevier v. Woodson, 205 Mo. 202, 104 S.W. 1, as follows:

" 'If we find invalid portions to be in the instrument, do these invalid portions, when taken out of the instrument, so change the instrument as not to give effect to the general scheme and purpose of the testator in the disposition of his property? These questions we take in their order. In so doing we must and do recognize that it is the duty of courts to construe and not to make wills; that wills may be valid in part and invalid in part; that in determining what was the real scheme of disposition in the mind of the testator the valid and invalid portions must be alike considered, and this for the reason that the presumption must be indulged that the testator in formulating his scheme of disposition thought all portions legal and valid; that if the elimination of the invalid portions, if any there be, so changes the general scheme and purpose of the testator, as would make the remaining portions amount to a new and different will, then the whole devise must fail.' "

This court then said:

"Applying the above rules of law to the facts stated here, it is our conclusion that the will here under consideration, which consisted only of two specific devises of land in approximately equal amounts, must fall in toto, for it is readily apparent that the will of the testatrix is defeated by the invalid devise, to the point that the entire testamentary scheme and intention is disarranged."

Under the factual situation presented in the case now before us not one of the eight bequests of real estate can be enforced. One fails because the property was disposed of prior to the death of the testator; six of the bequests fail because the property was owned jointly by the testator and his wife, and upon the death of the testator the entire title vested in the surviving spouse. Only the one remaining tract was owned exclusively by the testator, and under his will he devised a life estate in that tract to his wife, and at her death it was to go to the Shriners Hospitals for Crippled Children. The wife elected to take under the laws of succession and declined the bequest under the will, so that she is entitled to receive in fee one-half of the tract, or rather, one-half of the money derived from the condemnation of the tract. There then remains for disposition only one-half of the condemnation money, which will probably not exceed $7,500, if that much.

In the present action the District Court made a finding that the daughter, Jeanette Arment, was the natural object of bounty of the deceased, that he intended that she should have a life estate in two pieces of real property, one of which was subject to a prior life estate in favor of the former wife of the decedent and who was the mother of Mrs. Arment. The net monthly income from the two pieces so bequeathed was found to be $140.24.

The mother was to have a life estate in one piece of the property and therefore

approximately one-half of the income would go to her during her lifetime, however, such income would indirectly be of material benefit to the daughter because she was supporting or aiding in the support of her mother.

The court also made a finding to the effect that Mrs. Arment's share under descent and distribution of the property covered in Bequest No. One, that is, the property taken by the county under condemnation, which had a net monthly income of $389.13, was apparently of much greater value than the property sought to be devised to her by will. Such conclusion is not warranted or supported by the facts because the court bases its finding as to the value and income of the property covered by Bequest No. One as it existed prior to its taking under condemnation. The condemnation money received for the tract, and not the land itself, is the proper basis for the comparison of values, if same is to be considered. It is shown that one-half of the net proceeds derived from the tract taken under condemnation was approximately $7,500 after certain expenses and deductions. Such sum, invested at 6% interest would produce a monthly income of $37.50, which would be about one-half of the $70 monthly income arising from the tract, the net income of which was devised to the daughter during her lifetime, without regard to her interest in the tract devised to her mother. Such erroneous finding and conclusion evidently influenced the court in awarding the money to the defendant in error to the exclusion of the daughter, even though the bequest to her failed.

■ The right of a child to inherit from its father is fixed by statute and 84 O.S. 1951 § 132 provides that when a testator fails to provide in his will for a child, unless it appears such omission was intentional, the child must have the same share in the estate as if the testator died intestate. In the present action the father bequeathed to his daughter, Jeanette, a substantial share of property, which he erroneously believed he had a right to devise. It is evident that the testator did not intend to omit his daughter from his will or to deprive her of a substantial share of the property devised. The judgment of the District Court is to the effect that it is the will and intent of the testator that the only property mentioned in the will which the testator had a right to bequeath should go to a stranger and not to the daughter. The rule that a portion of a will must be given effect as far as possible should not be given undue weight and thereby enforce a provision in the will which no longer expresses the purpose and intent of the testator. The 8th and 9th findings of fact of the District Court are as follows:

"8. Court finds although there was a general plan or scheme, each separate request was independent of each other, and the devises under the will to Mrs. Arment are defeated simply because as a matter of fact, testator did not have a right to devise it since his ownership of same was joint with full right of survivorship, and not because testator was precluded from devising same by rule of law or statute. (As in Scott v. Dawson, 177 Okl. 213, 58 P.2d 538, and McLaughlin v. Yingling, 90 Okl. 159 [213 P. 552], cases cited by Mrs. Arment.)

"9. Court has considered other issues and finds in favor of Mrs. Arment on each issue except the findings in number 8 above."

The finding that "each separate request was independent of each other" is true to the extent that separate bequests were made but as we view the record each bequest was not independent of the other and to hold otherwise would be violative of the plan, purpose and intent of the testator. The finding by the court that the testator had a general plan or scheme to devise the property indicates that the bequests were not independent, nor to be considered separately. The will first provides for the payment of debts and then contains this provision:

"I want the balance of my estate to be put in trust and appoint The First National Bank and Trust Company of Tulsa to administer same for beneficiaries, as per the attached list of instructions".

Such language indicates an intention that the estate is to be a unit and administered in the nature of a trust. Following Bequest No. One, wherein the testator devised two pieces of realty to his wife for life with remainder to Shriners Hospitals for Crippled Children, the testator makes this statement:

"This being one-half of my estate and half of the income as near as can be *planed* without selling and converting into cash".

It is reasonable to conclude from such language that the testator was attempting to devise a life estate to his wife, remainder to the Shriners Hospitals of half of his property, and the remaining half to be distributed to the subsequently named beneficiaries, which included the daughter, her mother and other relatives. In Scott v. Dawson, supra, it is pointed out that where the plan of a testator expresses an intent to devise his estate into two or more equal parts or shares, and one part fails, then the other part must fail also, for the will and plan of the testator is defeated by the invalid clause or devise.

■ After a full consideration of the record and the law applicable to the facts, and in view of the invalidity of all except part of one, of the several bequests in the will here in question, we are of the opinion and conclude, as a matter of law, that the part of one bequest cannot and should not be enforced and the will fails as a testamentary bequest and is without force and effect. To hold the bequest to the defendant in error to be valid would be violative of the plan, intent and will of the testator and result in an injustice to the plaintiff in error.

The defendant in error presents its fifth and seventh propositions as follow:

5. The validity of a will must be questioned within one year.

7. Jeanette Arment estopped by judgment.

In support thereof the first sentence of 58 O.S.1951 § 61 and all of § 67 is quoted, which fixes the period in which the probate of a will may be contested after it has been admitted to probate. Counsel for defendant in error admit that in the probate of a will the question at issue is its due execution, but argue that at the hearing on the probate of the will in the County Court, and in the appeal to the District Court from the order admitting the will to probate, which appeal was dismissed, the plaintiff urged the point that the will was invalid and a nullity, and that the validity of the will was drawn into question. A somewhat similar situation and contention was presented in Fisher v. Gear, 196 Okl. 18, 162 P.2d 182, 183, which holds:

"1. In a proceeding to probate a will, the court cannot construe or interpret the will or distinguish between valid and void dispositions. If the will is legally executed and proved, and not successfully attacked for want of testamentary capacity, undue influence, fraud, or duress, it must be admitted to probate.

"2. A petition to contest will after probate, which fails to state any ground provided in 58 O.S.A. § 61, is insufficient and should be dismissed."

In the concluding paragraph of the opinion it is stated:

"The contestants contend that the District Court should have determined the validity of the bequests to the churches and orphanage because of the fact that the County Court, in addition to decreeing that the will was valid, also decreed that it passed the property of the testator to the beneficiaries of the will, and that this would bar them from again raising the question in the County Court. The judgment of the District Court holding that these questions should be determined on distribution necessarily implies that contestants should have the right to raise these questions by proper proceedings on distribution.

"The judgment of the District Court dismissing the appeal is affirmed without prejudice to the right of contestants to raise said questions on distribution."

■ The sections of statute next above referred to and the appeal to the District

Court from an order admitting the will to probate, which appeal was dismissed, will not bar or estop the plaintiff in error from raising the question of the validity of the will and the bequests therein made at the hearing on the petition to distribute the estate.

The findings and judgment of the District Court are against the clear weight of the evidence and contrary to law. This cause is, therefore, reversed and remanded with directions to enter judgment in accordance with the views expressed herein.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, BLACKBIRD, and JACKSON, JJ., concur.

CORN and HALLEY, JJ., dissent.