Matter of the Appeal of the NATIONAL BANK OF COMMERCE OF TULSA, from an Order of the County Board of Equalization of Tulsa County, Oklahoma.

No. 37417.

Supreme Court of Oklahoma.

Sept. 17, 1957.

J. Howard Edmondson, County Atty. of Tulsa County, Donald D. Cameron, Chief Civil Asst. County Atty., Tulsa, for plaintiff in error.

J. C. Pinkerton, Tulsa, for defendant in error.

DAVISON, Justice.

This is an appeal by the Tulsa County Assessor from a judgment of the district court of Tulsa County, fixing the valuation of the building owned and occupied by the National Bank of Commerce of Tulsa for ad valorem tax purposes for the years 1953 and 1954. The protest and subsequent proceedings as to the assessment for each of said years constituted a separate matter on appeal but the two appeals were consolidated in the district court over objection of the assessor. The parties will be referred to as "assessor" and "bank."

On May 1, 1953, the bank filed a protest, denominated "complaint," with the county equalization board, protesting the action of the assessor in raising the assessed valuation of its real property from $154,810 to $204,630 for the year 1953. The protest was heard and denied by the said equalization board. On July 1, 1953, the bank filed written notice of appeal from said decision of the board to the district court. The transcript prepared and certified by the county clerk, was filed in the district court on September 22, 1953.

On June 15, 1954, the bank filed a "Notice of Protest" with the county clerk, as ex-officio clerk of the county equalization board, protesting the action of the assessor in raising the assessed valuation of said real estate to $204,630 for the year 1954. The protest was heard and the assessed valuation reduced to $181,320 by said equalization board on June 30, 1954. On July 8, 1954, the bank filed written notice of appeal from said decision of the board to the district court. The transcript, prepared and certified by the county clerk, was filed in the district court on April 7, 1955. On July 9, 1954, the assessor filed written notice of appeal from said decision of the board to the district court and, on the same day, filed a petition in said court in the nature of a petition in error. Transcript, prepared and certified by the county clerk, was filed in this latter case in the district court on April 6, 1955.

On April 8, 1955, the assessor filed motion to dismiss the appeal from decision on the 1953 valuation "on the ground that the appeal was not filed within the ten days after the final adjournment of the Board as provided by statute. (68 O.S. [1951 §] 15.42.)" In the appeal filed by him on the 1954 valuation, the assessor filed, on April 12, 1955, a motion to remand the same with directions to the board to withdraw its order reducing the valuation and to dismiss the protest because "the complaint of the taxpayer was not filed with the Secretary of the Board within the time provided by statute, and that the Board was without jurisdiction to entertain the complaint and to make any finding and order whatsoever upon the basis thereof."

On April 11, 1955, the motion to dismiss was denied, the motion to remand was denied and all three cases were consolidated. On March 28, 1956, judgment was rendered, fixing the assessed valuation of said property for ad valorem tax purposes for each of said years, 1953 and 1954, at $133,561.35. From that judgment, the assessor has perfected this appeal.

The first proposition presented is that the trial court erred in overruling the assessor's motion to dismiss the appeal from the board's action upon the 1953 assessment. That part of the statute (68 O.S.1951 § 15.42), providing the method of appeal which is here applicable, is as follows:

"Notice of appeal shall be filed with the County Clerk as Secretary of the County Board of Equalization, which appeal shall be filed in the District Court within ten days after the final adjournment of the Board. It shall be the duty of the County Clerk to preserve all complaints and to make a record of all orders of the Board and both the Complaint and orders shall be a part of the record in any case appealed to the District Court from the County Board of Equalization."

The case of Dolese Bros. Co. v. Board of Co. Comm. etc., 151 Okl. 110, 2 P.2d 955, cited by the assessor, is of little benefit, holding merely that the requirements of the statute on perfecting an appeal are mandatory and must be complied with. That opinion, however, was interpreting an earlier statute (C.O.S.1921, sec. 9966). In a more recent case, In re Commercial Credit Co., 193 Okl. 497, 145 P.2d 750, 751, we were considering the same statute here applicable and pointed out that the taxpayer is required to file a notice of appeal with the county clerk as secretary of the board of equalization. When that is done, "It is made the duty of the county clerk as secretary of the board of equalization to preserve and make a record of all complaints and orders of the board, with notice of appeal that same may be made a part of the transcript on appeal, which appeal is to be filed within ten days after final adjournment of the board."

It would appear from the wording of the above quoted statute that the notice of appeal could be filed at any time prior to such adjournment. The procedure for appeal from the equalization board to the district court is analogous to the procedure for appeal from the probate court to the district court (58 O.S.1951 §§ 723–725, incl.) except for the fact that in the latter, the time for filing notice of appeal is definitely set out in the statute. To appeal from the board, the appellant gives notice (68 O.S.1951 § 15.42) and, at the time the taxes become due, he pays them under protest. 68 O.S.1951 § 15.48. To appeal from the probate court, the appellant gives notice and files a bond (58 O.S.1951 § 725). After the notice in the first instance, it is the duty of the county clerk to prepare the transcript, as pointed out above. After the notice in the latter situation, the county judge is required to file certified copies of the instruments in the case, with the clerk of the district court (58 O.S.1951 § 733). In neither case is it the duty of the appellant to procure and file the transcript. Each is required to be filed within ten days of a time certain. In the probate procedure this court held, in the cases of Sawyer v. Foster, 157 Okl. 216, 11 P.2d 491, and O'Neill v. Cunningham, 159 Okl. 114, 14 P.2d 421, that "A party in an appeal in a probate proceeding from the county court to the district court, who has given the appeal bond and has filed the written notice of appeal * * * cannot be deprived of his appeal by failure of the county judge to file the transcript." The same rule and reasoning would apply to an appeal from the equalization board upon the failure of the county clerk to make the transcript and file it with the clerk of the district court or deliver it to appellant for such filing. We so hold. Herein, the bank filed the required notice within the time provided and the delay of the county clerk in preparing the transcript and filing it or delivering it for filing did not deprive the bank of its appeal.

The next proposition urged by the assessor is that the bank did not file with the county equalization board within the time required by the statute, the complaint against the assessment for 1954 which was styled "Notice of Protest," which was filed on June 15 of said year. The contention is based upon the following provisions contained in 68 O.S.1951 § 15.41, as follows:

"* * * Complaint in like manner may be filed on real estate not increased over the previous year's assessment, provided such complaint is filed on or before the first Monday in May * *"

The last provision contained in said statute further provides that,

"In all cases where either the County Assessor or the County Board of Equalization has, without giving the notice required by this Section or by Section 15.18 increase(d) the valuation of property as listed by the taxpayer, if he has knowledge of such adjustment or addition, may at any time prior to the adjournment of the Board, file a complaint in the form and manner above provided for. Thereafter the Board shall fix a date of hearing, notify the taxpayer, and conduct the hearing as required by this Section."

At the time the "Notice of Protest" was filed, the last previous assessment which had been finally established was for the year 1952, which was materially less than that contended for by the assessor for the years 1953, and 1954. The 1953 assessment was subject to final determination on appeal by the district court and when it had been determined it was less than the 1954 value fixed by the assessor. Under such circumstances and without any notice by the assessor to the bank, the protest to the increase in value could be filed "at any time prior to the adjournment of the Board." That was done. The matter was subsequently heard by the board whose order reduced the valuation fixed by the assessor, from which an appeal was taken by each party. The action of the board in hearing the matter was authorized and proper.

██ The assessor next complains of the action of the trial court in consolidating the various appeals over the objection of the assessor. The controlling statute is 12 O.S. 1951 § 79, as follows:

"Whenever two or more actions are pending in the same court, which might have been joined, the defendant may, on motion and notice to the adverse party, require him to show cause why the same shall not be consolidated, and if no cause be shown, the said several actions shall be consolidated."

The complaint does not question that the parties in the two proceedings were the same; that the issues were the same; that the subject matter was the same; and that the testimony and other evidence in support of the parties' positions were the same. The question raised is that, because the board sustained the findings of the assessor for one year and reduced the valuation fixed by him for the other, the presumption of correctness attending the order of the board was, in one instance, in favor of the assessor and, in the other, in favor of the taxpayer. This court has uniformly followed the rule that, under the provisions of the above statute, "the consolidation of cases for the purpose of trial is discretionary with the trial court" and that when it is shown that no substantial right of a party has been prejudiced by the consolidation, "the trial court (does) not abuse its discretion in ordering the consolidation." Anderson Prichard Oil Corp. v. McBride, 188 Okl. 384, 109 P.2d 221, 222.

██ The remaining questions are substantially the same as those discussed and decided by this court in the opinion promulgated on the 22nd day of January 1957 in Appeal of National Bank of Tulsa, 312 P. 2d 495. The syllabi and the opinion therein are hereby adopted as the remaining syllabi and opinion herein.

The judgment of the district court is affirmed.