**Freda JEWELL and Rose M. Rains, Plaintiffs in Error,**

v.

**Charles H. HUDDLESTON and The Oklahoma State Bank, Ada, Oklahoma, a corporation, Defendants in Error.**

**No. 38661.**

Supreme Court of Oklahoma.

May 23, 1961.

Clem H. Stephenson, Seminole, Carloss Wadlington, Ada, for plaintiffs in error.

Kerr, Lambert, Conn & Roberts, by Wayne H. Lewis, Ada, for defendants in error.

PER CURIAM.

This action was commenced December 14, 1956, by the defendant in error, Charles H. Huddleston, hereinafter referred to as plaintiff, against plaintiffs in error, Freda Jewell and Rose M. Rains (daughter and mother), hereinafter referred to as defendants. The petition alleged that on June 22, 1953, the defendant, Freda Jewell, had certain monies in the Oklahoma State Bank at Ada, Oklahoma, which she desired to invest for the benefit of defendants; that on said date defendants executed a power of attorney appointing plaintiff attorney in fact for them empowering him in extremely broad terms to handle their funds and business affairs.

The petition further alleged that in October, 1954 there was a further oral agreement between defendants and plaintiff in connection with investing in oil and gas leases, royalties and mineral interests; that plaintiff did exercise the powers vested in him under both the power of attorney and the oral agreement making investments as authorized; that defendants have threatened numerous court actions and are making certain objections to plaintiff's manner of handling their affairs.

Plaintiff attached to his petition a full account of transactions made by him and prayed that same be approved by the court and that he be discharged from further liability.

Subsequently, the Oklahoma State Bank of Ada, Oklahoma, was made an additional party defendant at request of defendants.

The defendants filed their verified answer pleading a general denial, specific denial of the execution of the power of attorney pleaded by plaintiff, denial of the oral contract alleged by plaintiff, and lack of jurisdiction of the court to approve accounts of plaintiff.

Defendants also filed a cross-petition against plaintiff and Oklahoma State Bank in which they sought in their first cause of action a judgment for $5,000 and interest on money represented by a note of plaintiff in their favor. On second cause of action they prayed judgment for $7,911.44 and interest for money the plaintiff put into certain oil leases which proved worthless.

In the third cause of action they asked judgment for $8,644.17 and interest, being the interest upon sums used by the plaintiff for his own benefit.

The plaintiff's reply was a general denial and a specific denial of any agency of plaintiff for the Oklahoma State Bank of Ada.

The Oklahoma State Bank filed an answer denying generally the allegations of the cross-petition and specifically denying plaintiff was its agent in the pleaded transaction.

Upon request the court made findings of fact and conclusions of law, and these, insofar as pertinent to the issues raised, are in substance: that the power of attorney was signed by defendants; that under such power of attorney plaintiff had power to make investments, including purchase of stocks, lands, oil and gas leases, mineral rights and properties of any character; that the account attached to plaintiff's petition covered all transactions; that plaintiff rendered full and complete account showing receipt of $51,312.66 and returned $54,193.-05; that plaintiff paid $5,438.77 for automobile and home improvements for defendants; that plaintiff's investments were authorized by power of attorney and oral agreement; that plaintiff borrowed from defendants' account $5,000, which has been fully repaid with 4% interest; that $600 was total compensation received by plaintiff for his services; that defendants have wholly failed to establish allegations of cross-petition.

Conclusions of law by the court were: that power of attorney is valid; that plaintiff has rendered a full accounting and is entitled to be discharged from further liability; that plaintiff did not act as agent for Oklahoma State Bank and such bank has no liability; that defendants have failed to establish the allegations of their cross-petition and that no attorneys fee is due on note of plaintiff.

Defendants have appealed from the judgment rendered on the findings and conclusions.

The first proposition urged by appellants concerns the validity of signatures of defendants on five different instruments as follows: 1. Power of attorney; 2. Oil and gas lease; 3. Assignment of oil and gas lease; 4. Ratification of oil and gas lease; 5. Another ratification.

The defendants denied signing any of these instruments, which the plaintiff testified they signed. A purported handwriting expert for the defendants testified that these signatures were not those of defendants, while three bank officials, accustomed to examining and passing upon signatures were of the opinion that the signatures were those of defendants, and the trial court so found.

■ This court has long been committed to the rule that:

"Where evidence in case of equitable cognizance is conflicting, trial court's finding thereon will not be disturbed on appeal unless clearly against the weight thereof." Mayer v. Pettigrew, Okl., 272 P.2d 411.

See also Rockett v. Ford, Okl., 326 P.2d 787; Wilson v. Lee Evans Drilling Co., Okl., 322 P.2d 630; Lumm v. Colliard, Okl., 317 P.2d 273; and Cox v. Kelley, Okl., 295 P.2d 1061.

There was ample evidence to sustain the trial court's finding that the documents questioned were actually signed by defendants.

There was also ample evidence to sustain the court's finding that Huddleston was not acting as agent of the Oklahoma State Bank.

■ Defendants complain that the court should have allowed 6% interest rather than the rate of 4% as fixed by the court on a sum of $5,000.

The evidence in support of the action of the court on this question is that the defendant, Jewell, stated to plaintiff that she wished to invest some money in rental property; that after plaintiff found such a property, and was committed to buy same, the defendant changed her mind as to the advisability of such an investment. Thereupon, plaintiff, in order to comply with his

commitment to buy the property, purchased same for himself. In order to complete the purchase of the property he arranged with said defendant to borrow $4,000 of her money and a short time later borrowed from defendant the further sum of $1,250 to repair the property. A note for these combined amounts was given by plaintiff to Mrs. Jewell providing for 4% interest, and $250 was subsequently paid. In January, 1956, a renewal note for $5,000, due January 2, 1957, was delivered to Mrs. Jewell.

Plaintiff tendered the principal and interest into court and the money was paid, by order of the court, to Mrs. Jewell. The note was either lost or misplaced and was not available for inspection at the close of the trial.

The testimony of plaintiff is that the above transactions were fully discussed and mutually agreed to by the parties including amount and rate of interest. The evidence of defendants is to the contrary. The trial court chose to believe the plaintiff. We cannot say that the finding and judgment is contrary to the clear weight of the evidence.

■ Defendants also urge error of the trial court in denying recovery from the plaintiff of funds expended in the purchase of minerals and operation in connection therewith which were unprofitable.

The evidence in support of this part of the lower court's judgment is that in the fall of 1954, Mrs. Jewell advised plaintiff she wished to invest profits from stock investments in oil and gas ventures and that plaintiff was to receive ⅓ of the minerals for his services and the defendants each to own a third; that plaintiff, acting under the power of attorney and the oral agreement, did purchase in his name with defendants' funds, oil leases, royalties and mineral interests and engaged in some oil operations. Generally, the plaintiff made assignments of the mineral interests to defendants within a reasonable time. In plaintiff's petition filed December 14, 1956, he tenders assignments of two oil leases covering the NW¼, Section 36, Township 8 North, Range 4 East in Pottawatomie County, and the SE¼, SE¼, Section 7, Township 1 North, Range 8 East, in Coal County, and attached assignments dated January 3, 1955, and December 10, 1955, respectively.

The record reflects that the checks used to purchase the mineral interests contain descriptive notations of the interest secured. Plaintiff also testified each mineral purchase and operation was fully discussed with defendants and that each purchase and venture was approved by them. Defendants categorically deny any request or arrangement to engage in any oil or gas venture or any knowledge of the same. Contrary to defendants' denial are an oil and gas lease, a ratification of oil and gas lease, an assignment of oil and gas lease, and a financial statement containing oil property descriptions, bearing the signature of Freda Jewell. Also in a deposition of Freda Jewell taken in a prior action between the parties (later dismissed) she admits some knowledge of the mineral transactions. Furthermore, the admitted Federal and State income tax returns of Freda Jewell for the periods May 1, 1954, to April 30, 1955, and May 1, 1955, to December 31, 1955, contain deductions by reason of losses in several of the oil and gas ventures and other incidental expense in connection therewith.

It is our conclusion the trial court's judgment in the above respect is not against the clear weight of the evidence.

■ It is next contended that the trial court erred in refusing to consolidate this action with another pending case brought by The First National Bank of Wewoka against Freda Jewell. This court is committed to the rule expressed in Smith v. Stock Yards Loan Co., 186 Okl. 152, 96 P.2d 55, 58, which provides:

"The consolidation of actions, is not, in the absence of statute, a matter of right, but rests in the sound discretion of the court; and its discretion will not be interfered with unless abused. 1 Am.Jur. p. 477, para. 93."

Lastly, it is urged that the trial court erred in refusing to grant a jury trial. This proceeding is in the nature of an action for an accounting and is therefore equitable in its nature. As said in Gaines Brothers Co. v. Gaines, 188 Okl 300, 108 P.2d 177:

"An action to require an accounting is equitable in nature and has for its purpose the striking of a balance between the parties and enforcing payment of the difference, if any, to the parties entitled thereto."

The denial of a jury trial in such an action is not error. Bright v. Bowne, 190 Okl. 208, 122 P.2d 147.

The judgment of the trial court is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, HALLEY, JACKSON, IRWIN and BERRY, JJ., concur.