2006 OK 15

STATE of Oklahoma, Timothy H. Harris, District Attorney, Plaintiff/Appellee,

v.

ONE THOUSAND TWO HUNDRED SIXTY–SEVEN DOLLARS ($1,267.00), Defendant/Appellant,

Carl Demetrius Mitchell, Pro Se, Claimant/Appellant.

No. 99,377.

Supreme Court of Oklahoma.

March 7, 2006.

Carl Demetrius Mitchell, pro se, Helena, OK, for Appellants.

Timothy H. Harris, District Attorney, Charles Creekmore, Assistant District Attorney, Tulsa, OK, for Appellee.

Scott Rowland, General Counsel, Brian Surber, Deputy General Counsel, Oklahoma City, OK, for amicus curiae, Oklahoma Bureau of Narcotics and Dangerous Drugs Control.

Suzanne McClain Atwood, Executive Director, Oklahoma City, OK, for amicus curiae, Oklahoma District Attorneys Association.[1]

OPALA, J.

¶ 1 The dispositive issues on certiorari are: (1) Did the trial court err in refusing to consolidate two discrete claims to money seized in separate arrests? (2) Is summary process appropriate in statutory civil *in rem* forfeiture cases? (3) Is the trial court's judgment of forfeiture supported by a preponderance of the evidence? We answer the first question in the negative and the second and third questions in the affirmative.

I

## THE ANATOMY OF LITIGATION

¶ 2 By invoking the seizure-and-forfeiture provisions of the Uniform Controlled Dangerous Substances Act (Act)(63 O.S.2001 § 2–501 *et seq.*), the State of Oklahoma (State) sought on 24 September 2002 forfeiture of $1,267.00 seized in an arrest. Notice was sent to the property's owner, Carl Demetrius Mitchell (Mitchell or claimant). The State's claim to forfeiture rests on three grounds—the money was (1) used or intended to be used to facilitate a violation of the Act;[2] or (2) furnished or intended to be

---

1. Identified herein are only those counsel for the parties and *amici curiae* whose names appear on the certiorari briefs.

2. The pertinent provisions of 63 O.S.2001 § 2–503(A)(6) are:

   A. The following shall be subject to forfeiture:
   \* \* \* \* ₄

furnished in exchange for a controlled dangerous substance or was proceeds traceable to such an exchange;[3] or (3) found in close proximity to forfeitable substances, to forfeitable drug manufacturing or distribution paraphernalia or to forfeitable records of the importation, manufacture, or distribution of forfeitable substances.[4] The arrest resulted in a criminal prosecution in which Mitchell was charged with trafficking in illegal drugs, possession of a firearm after former conviction of a felony and driving without a seatbelt. After pleading *nolo contendere*, claimant was convicted of possession with intent to distribute.

¶ 3 According to the arresting officer's affidavit admitted as evidentiary material in summary process: (1) he brought about a traffic stop of a vehicle (on 14 May 2002) in which claimant was a passenger: (2) claimant exited from the car and began to run; (3) he appeared to be carrying something when he got out of the vehicle; (4) the officer chased claimant and observed him drop a small baggy; (4) during the chase he also observed that claimant was carrying additional baggies and a gun; (5) the claimant stopped when the officer pulled out a gun and ordered him to halt; (6) the officer retrieved the baggies that were found on claimant's person which contained tan rocks that he suspected of being cocaine; (7) the officer returned to the location where claimant dropped one of the baggies and noticed that it contained tan

rocks that he also suspected of being cocaine; (8) when field tested, the tan rocks showed positive results for crack cocaine; (9) the total amount of cocaine seized was 37.10 grams, which is more than the amount required for a trafficking charge; (10) the officer also seized $1,267.00 which the claimant was carrying on his person; and (11) claimant was not legitimately or lawfully employed at the time of his arrest. The police department's forensic laboratory tested the tan substance and found it to weigh 31.85 grams and to contain cocaine (base)(a schedule II controlled substance).

¶ 4 Before the State had filed the Notice of Seizure and Forfeiture, Mitchell wrote a letter to the trial judge on 20 September 2002 requesting the release of $1,877.00. The letter referred to money seized in two separate arrests—the 2002 arrest[5] from which this forfeiture arose as well as another disconnected arrest in 2001.[6] The property seized in the earlier arrest had been forfeited by order entered 26 February 2002.

¶ 5 The State filed its forfeiture case against the $1,267.00 on 24 September 2002 and served notice on the claimant. Instead of filing a verified answer, the claimant moved for summary judgment. He claimed that summary judgment is appropriate because the State cannot prove by a preponderance of the evidence that the money was either acquired, intended to be used or trace-

---

6. All things of value furnished, or intended to be furnished, in exchange for a controlled dangerous substance in violation of the Uniform Controlled Dangerous Substances Act, all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used, or intended to be used, to facilitate any violation of the Uniform Controlled Dangerous Substances Act;

3. The provisions of 63 O.S.2001 § 2–503(B) are:
   B. Any property or thing of value of a person is subject to forfeiture if it is established by a preponderance of the evidence that such property or thing of value was acquired by such person during the period of the violation of the Uniform Controlled Dangerous Substances Act or within a reasonable time after such period and there was no likely source for such property or thing of value other than the violation of the Uniform Controlled Dangerous Substances Act.

4. The pertinent provisions of 63 O.S.2001 § 2–503(A)(7) are:

   A. The following shall be subject to forfeiture:
   * * * * * *
   7. All moneys, coin and currency **found in close proximity** to forfeitable substances, to forfeitable drug manufacturing or distribution paraphernalia or to forfeitable records of the importation, manufacture or distribution of substances, **which are rebuttably presumed to be forfeitable** under Section 2–101 et seq. of this title. The burden of proof is upon claimants of the property to rebut this presumption;
   (emphasis added)

5. CF–2002–2512 (criminal case); CJ–2002–5528 (second forfeiture case)

6. CF–2001–6547 (criminal case); CJ–2001–6165 (first forfeiture case)

able to a violation of the Act.[7] He claims that his burden is to demonstrate there exists no dispute over the currency's illegal use while the State's burden is to present evidentiary material that would furnish at the least inferential support for forfeiture.[8] The trial court denied claimant's motion. The State later filed its own motion for summary judgment. The claimant's response to that motion included a counter-motion for summary judgment.

### The State's Argument for Summary Adjudication

¶6 According to the State's motion for summary judgment the undisputed facts of this case strongly establish probable cause that the money in contest was used for an illegal transaction. When the claimant was arrested he had drugs in his possession as well as a large amount of cash, rather than mere drug paraphernalia and drug residue. The State argues that the close proximity of the drugs to the money creates a statutory presumption there was no likely source for the money other than a violation of the Act.[9] The State claims that once this presumption has been raised by a preponderance of the evidence, the burden shifts to claimant to demonstrate the money's acquisition was not contrary to the Act. Because claimant did not meet this statutory burden, the State concludes that its quest for summary relief is legally established.

### Claimant's Counter–Motion For Summary Relief

¶7 Mitchell's response with counter-motion for summary judgment notes that the State's forfeiture claim rests on three grounds.[10] He argues due process dictates that a claimant should not have to guess what violation of the Act the State relies on to support a statutory forfeiture. Mitchell urges that if the State relies on the first ground, it has the burden to show a nexus between the currency and the Act's violation. According to Mitchell the State has neither pleaded nor proven any violation of the Act to be a source of the money. He urges the trial court to construe the statute in the same manner as was done in *State ex rel. Dept. of Public Safety v.1985 GMC Pickup, Serial No. 1GTBS14EOF2525894, OK Tag No. ZPE852.*[11] There the court held mere possession of a controlled dangerous substance does not trigger the forfeiture provisions of § 2–503(A)(4). He relies on statements in *1985 GMC Pickup* that forfeiture is penal in nature and therefore the Eighth Amendment's Excessive Fines Clause applies to any forfeiture under statutes similar to that in controversy here. According to Mitchell, the legislature did not intend that close proximity of currency to controlled dangerous substances **would alone be a basis for forfeiture.** He argues that to be forfeitable under § 2–503(A)(7)[12] the money must be in close proximity to controlled dangerous substances which are possessed in connection with manufacturing, importation or distribution of forfeitable substances. Mitchell further argues that the State's reliance on the arresting officer's affidavit that merely recites the money constituted one of many items located or found during a search following a routine traffic stop is insufficient to support an inference of the money's actual use in violation of the law.

---

**7.** 63 O.S.2001 § 2–101 *et seq.*

**8.** Attached to claimant's motion for summary judgment is a copy of the September 20th letter to the trial judge; excerpts of the preliminary hearing transcript in the 2001 criminal case; the police department's 14 May 2002 incident report; and the department's "currency recovery sheet." Claimant's motion for summary relief was denied.

**9.** 63 O.S.2001 § 2–101 *et seq.*

**10.** According to Mitchell, the State's notice of seizure and forfeiture rests on three grounds: (1) the money was a thing of value furnished or intended to be furnished in exchange for or used or intended to be used to facilitate a violation of the Act; (2) the money was property or a thing of value acquired by the possessor during or within a reasonable time after a violation of the Act; (3) the money was found in close proximity to forfeitable controlled substances.

**11.** 1995 OK 75, 898 P.2d 1280.

**12.** For the terms of 63 O.S.2001 § 2–503(A)(7) see *supra* note 4.

¶ 8 The State responds that Mitchell's argument confuses the two forfeiture cases claimant insists on intermixing. In the first criminal case, he was convicted of **simple possession, but in the second case from which this forfeiture arose,** he was arrested for trafficking and **convicted of possession with intent to distribute.** According to the arresting officer's affidavit the plastic bags that Mitchell dropped while being chased by the officer contained more cocaine than was needed to support a charge of trafficking. The State argues that claimant's continued reference to the first arrest and to the ensuing forfeiture of money ($505.00) is irrelevant and beyond the trial court's cognizance in this, the second, forfeiture.

¶ 9 Confining itself to the evidence of the second arrest, the trial court gave summary judgment to the State and overruled Mitchell's quest for like relief. Rejecting Mitchell's efforts at consolidation of both seizures of cash, the trial court ruled the only amount of money at issue before the court is the amount ($1,267.00) seized in the second arrest. Mitchell brought this appeal. The Court of Civil Appeals (COCA) reversed and remanded the cause for further proceedings.

### *The Court of Civil Appeals' Reversal*

¶ 10 According to COCA: (a) summary process is inappropriate in a forfeiture proceeding authorized by 63 O.S.2001 § 2–503 [13] and 63 O.S.Supp.2002 § 2–506; [14] (b) the forfeiture statutes are penal in nature and subject to constitutional standards that govern penal statutes; (c) COCA struck down as unconstitutional the rebuttable presumption that money is forfeitable when found in close proximity to forfeitable substances (§ 2–503(A)(7)); (d) the State must present a *prima facie* case without the aid of a presumption to establish the wrong that forms the basis of the forfeiture penalty; (e) claimant's

quest for the return of money seized in the first and second arrests operated to commence a single proceeding under 22 O.S.2001 § 1321 for the return of the money, and (f) **the § 1321 claim and the second forfeiture action should have been consolidated and complete relief afforded in both causes.**

¶ 11 We granted certiorari on the State's petition. The Oklahoma Bureau of Narcotics and Dangerous Drugs Control and the Oklahoma District Attorneys Association appear here by leave of court as *amici curiae*.

### II

### THE PARTIES' CERTIORARI ARGUMENTS

¶ 12 The State argues that COCA erred in (1) declaring that Mitchell's two separate claims to money seized in the first and second arrests should have been consolidated for adjudication in this single case; (2) declaring forfeiture proceedings to be penal in nature and subject to constitutional standards that govern penal statutes; (3) declaring unconstitutional the § 2–503(A)(7) "close proximity" rebuttable presumption; (4) disregarding the State's *prima facie* case that the seized money was in close proximity to controlled dangerous substances and hence forfeitable (established by the arresting police officer's affidavit and the laboratory reports); and (5) holding that summary process is unavailable in *in rem* forfeitures of property and (6) changing the caption on appeal to reflect the style appearing on claimant' petition in error, which shows the amount of $1,877.00 pressed by the claimant instead of making the style conform to that which was borne by the case in the trial court.

¶ 13 According to Mitchell (a) forfeiture statutes are penal in nature and hence the State has the initial burden to prove the property is forfeitable; [15] (b) simple posses-

---

**13.** For the pertinent terms of 63 O.S.2001 § 2–503 see *supra* notes 2–4.

**14.** The pertinent terms of 63 O.S.Supp.2002 § 2–506 provide:

A. Any peace officer of this state shall seize the following property:

1. Any property described in subsection A of Section 2–503 of this title.... ·

2. Any property described in subsection B of Section 2–503 of this title; or

3. Any property described in subsection C of Section 2–503 of this title.

**15.** For this argument claimant cites *State of Oklahoma v. 1985 GMC Truck,* 1995 OK 75, 898 P.2d 1280.

sion of a controlled dangerous substance alone will not support a § 2–503 forfeiture;[16] (c) the State's position that forfeiture statutes provide for separate civil *in rem* proceedings with a lesser burden of proof than that borne by the prosecution in criminal cases and thus not penal in nature is inconsistent with extant jurisprudence; (d) federal constitutional jurisprudence is concerned not with whether forfeitures are civil or criminal, but whether forfeiture imposes monetary punishment; (e) the State relies on an unconstitutional statutory presumption to penalize the claimant; and (f) COCA correctly holds that a presumption grounded on proximity that relieves the State from its burden to prove some unlawful use of the money and shifts the burden to a claimant to avoid the penalty of forfeiture offends due process and is hence unconstitutional.

## III

## THE TRIAL COURT DID NOT ERR IN REFUSING TO CONSOLIDATE FOR TRIAL TWO DISCRETE CLAIMS FOR THE RELEASE OF MONEY ARISING OUT OF SEPARATE AND UNRELATED EVENTS

### A.

### *The Consolidation of Claims For Trial*

■ ¶ 14 Mitchell's response and his counter-motion for summary judgment seek the release of money seized from him at two separate events—an arrest in 2001 and another in 2002.

■ ¶ 15 The consolidation of claims for trial is neither mandatory nor a matter of right.[17] Consolidation is a procedural mechanism to enhance the efficiency of judicial process and its economy.[18] A trial court has **broad discretion** in performing its task of orderly processing of litigation to allow (or to refuse) consolidation of proceedings for trial and disposition.[19] The terms of 12 O.S.2001 § 2018(C)[20] provide for consolidation of pending actions that **deal with common questions of law or fact.** The statute is permissive in nature and does not alter the pre-existing common law that governs the **trial court's discretionary power over consolidation requests.**[21] A nisi prius consolidation decision would not be disturbed absent a clear abuse of discretion.[22]

**16.** *Id.*

**17.** *Jewell v. Huddleston,* 1961 OK 119, ¶ 26, 362 P.2d 103, 106 (the court reaffirmed its commitment to the common-law teachings of *Smith v. Stock Yards Loan Co.,* 1939 OK 300, ¶ 14, 96 P.2d 55, 58, 186 Okl. 152, that the "consolidation of actions, is not, in the absence of statute, a matter of right, but rests in the sound discretion of the court; and its discretion will not be interfered with unless abused").

**18.** *Oklahoma Gas & Elec. Co. v. District Court, Fifteenth Judicial Dist., Cherokee County,* 1989 OK 158, ¶ 17, 784 P.2d 61, 66.

**19.** *Faulkenberry v. Kansas City Southern Ry. Co.,* 1983 OK 26, ¶ 12, 661 P.2d 510, 513 (a trial court may order a separate trial of any issue upon proper motion by a party, but it is not required to do so; only where there is a clear abuse of discretion will this court disturb a decision made on this point); *Puckett v. Cook,* 1978 OK 108, ¶ 17, 586 P.2d 721, 723; *Appeal of National Bank of Commerce of Tulsa,* 1957 OK 203, ¶ 13, 316 P.2d 175, 179 (when it is shown that **no substantial right of a party has been prejudiced** by the consolidation, the trial court does not abuse its discretion in ordering the consolidation); *Anderson–Prichard Oil Corp. v. McBride,* 1940 OK 439, ¶ 0, 109 P.2d 221 syl.2.

**20.** The terms of 12 O.S.2001 § 2018(C) are:

C. CONSOLIDATION. When actions involving a common question of law or fact are pending before the court, it **may order a joint hearing or trial** of any or all the matters in issue in the actions; it **may order all the actions consolidated;** and it **may make such orders** concerning proceedings therein as may tend to avoid unnecessary costs or delay.
(emphasis added).

**21.** The court observed in *Metropolitan Cas. Ins. Co. of New York v. Producers' Nat. Bank of Tulsa,* 1934 OK 62, ¶ 8, 30 P.2d 174, 175:

In the recent case of *Exchange Trust Co. v. Palmer,* 163 Okl. 33, 20 P.2d 897, it is said that the power of the court to consolidate actions is not limited by section 257, O.S.1931, but that the statute confers upon the courts the rights accorded to courts of law and equity **under the common law to consolidate actions.**
(emphasis added).

**22.** *Faulkenberry v. Kansas City Southern Ry. Co., supra* note 19.

¶ 16 An order of the trial court is required to accomplish consolidation of separate actions for trial.[23] In the orderly processing of this litigation the trial court limited itself here to the case before it. The refusal to consolidate is not shown to have transgressed the trial court's sound discretion.[24] There is here absolutely no showing of some predominant equitable consideration that demands a joint trial of the two separate claims to money which arose out of discrete events.

## B.

### *The Reviewability/Appealability of Judicial Consolidation Decisions*

¶ 17 An aggrieved party may secure review of every preserved prejudicial error committed at nisi prius in the course of proceedings **which precede an appealable decision.**[25] This common-law concept of reviewability is explicitly embodied in the terms of 12 O.S.2001 § 952(a).[26]

¶ 18 Error in the trial court's refusal to adjudicate a claim arising from the earlier arrest has not been shown. This is so because the claim to money seized in the first case has absolutely no connection to the forfeiture now before us on this appeal. Mitchell's request for relief from two seizures of money presents discrete claims arising out of

separate occurrences which have no commonality in law or fact. The trial court severed from this (second) forfeiture any claim to money seized and forfeited in the earlier case. We will not reach Mitchell's claim arising out of the earlier disconnected forfeiture. It is not before us.

¶ 19 In short, claimant is entitled to no corrective relief from the nisi prius consolidation's denial.

## C.

### *The Correct Style of the Case On Appeal*

¶ 20 Claimant's summary judgment motion changed the caption of the case to reflect an amount in controversy of $1,877.00. This was done in an apparent unauthorized attempt to combine his claims against seizure in both arrests. He unilaterally accomplished the very same changes in the caption used for his petition in error. The new caption also reversed the sequence of the parties. COCA's opinion adopted the style shown in claimant's petition. We decline to follow the claimant's unauthorized alterations.

¶ 21 The terms of 20 O.S.2001 § 3002 [27] require that the style of all cases in an appellate tribunal be parallel to that borne by the case in the trial court.[28] According to the terms of Rule 1.25(b),[29] the judgment or

23. Both consolidation and severance of cases can be accomplished only by trial court order. *Tinker Inv. & Mortg. Corp. v. City of Midwest City*, 1994 OK 41, ¶ 8 n. 22, 873 P.2d 1029, 1036. Cases thought to have been consolidated without an order are treated as several. *State v. County Beverage License No. ABL–78–145*, 1982 OK 114, 652 P.2d 292, 294–95.

24. *Jewell v. Huddleston, supra* note 17; *Faulkenberry v. Kansas City Southern Ry, supra* note 19; *Appeal of National Bank of Commerce of Tulsa, supra* note 19.

25. All prejudicial error that stands preserved by the record through an intermediate order or proceeding that precedes any appealable decision is inchoately reviewable together with all other errors asserted to be present in the appealable disposition before the court *Conterez v. O'Donnell*, 2002 OK 67, 58 P.3d 759.

26. The terms of 12 O.S.2001 § 952(a) are:
(a) The Supreme Court may reverse, vacate or modify judgments of the district court for er-

rors appearing on the record, and in the reversal of such judgment may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof.

27. The terms of 20 O.S.2001 § 3002 provide:
The designation of parties in the caption of any cause appealed to the Supreme Court or the Court of Criminal Appeals shall correspond with the sequence in which the designation of the parties appeared in the trial court case.

28. *Id.; Vickers v. Boyd*, 1992 OK 42, ¶ 7, 836 P.2d 1269, 1271.

29. The pertinent terms of Rule 1.25(b), Rules of the Supreme Court, 12 O.S.2001, App. 1, provide:
(B) Style of Petition in Error.
The style and the sequence of the parties in an appeal shall be exactly the same as the style and sequence in the judgment or order from which the appeal is taken. 20 O.S.1991 3002.

order on appeal must bear the same "style and sequence of the parties" as that used in the trial court.[30] The forfeiture judgment sought here is for $1,267.00, the amount actually seized in the second arrest and **shown in the caption of the nisi prius forfeiture judgment.** We have accordingly corrected the style of the case and the sequence of the parties in the caption on appeal to conform to statute, the rules of this court, and extant jurisprudence.[31]

## IV

### THE STANDARD OF REVIEW FOR APPEALABLE PRODUCTS OF SUMMARY PROCESS

¶ 22 COCA condemned the trial court's use of summary process *sua sponte*. It held that process unauthorized for use in a forfeiture proceeding authorized by 63 O.S.2001 § 2–503 and 63 O.S.Supp.2002 § 2–506. Neither party at nisi prius (a) made a demand for jury trial or (b) challenged the use of summary process as constitutionally infirm. On the contrary, both parties initiated separate quests for summary disposition and claimant

responded to the State's quest with his own request, by a counter-motion, for summary relief.

■ ¶ 23 Neither constitutional nor statutory law condemns the use of summary process in forfeiture proceedings.[32] That process is unavailable for juvenile,[33] parental termination,[34] judgment vacation[35] as well as for small claims proceedings.[36] Inasmuch as there is no statutory or jurisprudential prohibition against the use of summary process in forfeiture cases and neither party launched a legal attack upon that procedure at nisi prius, we do not reach for discussion the COCA-spawned summary-process condemnation. The question before us is whether this forfeiture was effected upon procedure that is conformable to or violates due process. Due process is dependent here alone on the sufficiency of the proof offered by the movant.[37] We hence review the record **solely to** determine whether it is sufficient to support a judgment by summary process.

■ ¶ 24 Summary process—a special pretrial procedural track pursued with the

---

Designations such as "et al." shall not be used in the style. Each party shall be designated in the caption as they were in the trial court followed by a slash "/" behind the trial court designation....

30. *Id.;* but see *Keel v. Wright*, 1995 OK 18, ¶ 1 n. 1, 890 P.2d 1351, 1352 n. 1 (the court *sua sponte* changed the style of the proceeding to correct a misspelled name in the judgment on appeal).

31. *Vickers v. Boyd, supra* note 28, at 1270 n. 1; *MBA Commercial Const., Inc. v. Roy J. Hannaford Co., Inc.*, 1991 OK 87, 818 P.2d 469, 471 n. 2. See also *Meadows v. Pittsburg County Bd. of County Com'rs*, 1995 OK 65, 898 P.2d 741 n. 1; *Seitsinger v. Dockum Pontiac Inc.*, 1995 OK 29, 894 P.2d 1077, 1079 n. 2; *Keel v. Wright*, 1995 OK 18, 890 P.2d 1351, 1352 n. 1.

32. Summary process is an approved procedural track in the federal courts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327–28, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) ("Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' "). Summary process does not interfere with the constitutional right of trial by jury. This is so because summary judgment cannot be entered if there is

any issue of fact to be tried. *In re Peterson*, 253 U.S. 300, 310, 40 S.Ct. 543, 546, 64 L.Ed. 919 (1920) ("No one is entitled in a civil case to trial by jury, unless and except so far as there are issues of fact to be determined."); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 336, 99 S.Ct. 645, 654, 58 L.Ed.2d 552 (1979); *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 472, 82 S.Ct. 486, 490, 7 L.Ed.2d 458 (1962); *Fidelity & Deposit Co. of Maryland v. United States*, 187 U.S. 315, 319–321, 23 S.Ct. 120, 121–122, 47 L.Ed. 194 (1902).

33. *Matter of Christina T.*, 1979 OK 9, ¶ 9, 590 P.2d 189, 191.

34. *A.E. v. State*, 1987 OK 76, ¶ 17, 743 P.2d 1041, 1049.

35. *Patel v. OMH Medical Center, Inc.*, 1999 OK 33, ¶ 18, 987 P.2d 1185, 1193.

36. *Patterson v. Beall*, 2000 OK 92, ¶ 26, 19 P.3d 839, 845–46.

37. Among the due process guarantees is a decision based on the record. R. Rotunda & J. Nowak, Treatise on Constitutional Law: Substance and Procedure, § 17.8, p. 646 (2d ed.1992).

aid of acceptable probative substitutes [38]—is a search for undisputed material facts which, *sans* forensic combat, may be utilized in the judicial decision-making process.[39] Summary relief is permissible where neither the material facts nor any inferences that may be drawn from uncontested facts are in dispute, and the law favors the movant's claim or liability-defeating defense.[40] Only those evidentiary materials which eliminate from trial some or all fact issues on the merits of the claim or defense afford legitimate support for nisi prius resort to summary process for a claim's adjudication.[41]

¶ 25 Summary relief issues stand before us for *de novo* review.[42] All facts and inferences must be viewed in the light most favorable to the non-movant.[43] Just as nisi prius courts are called upon to do, so also appellate tribunals bear an affirmative duty to test for its legal sufficiency all evidentiary material received in summary process to support the relief sought by the movant.[44] Only if the court should conclude there is no material fact (or inference) in dispute and the law favors the movant's claim or liability-defeating defense is the moving party entitled to summary relief in its favor.[45]

## V

## THE STATE'S EVIDENTIARY MATERIAL IS SUFFICIENT TO ESTABLISH *PRIMA FACIE* PROOF OF THE REQUISITE STATUTORY CONNECTION OF THE SEIZED MONEY TO THE FORFEITABLE SUBSTANCES

¶ 26 The State's claim to seized money rests on the statutory presumption that subjects to forfeiture "[a]ll moneys, coin and currency found in close proximity to any amount of forfeitable substances." [46] The proof to be offered must be by a preponderance of the evidence.[47] Once this onus is met

38. " 'Acceptable probative substitutes' are those which may be used as 'evidentiary materials' in the summary process of adjudication." *Jackson v. Okla. Memorial Hosp.*, 1995 OK 112, ¶ 15, n. 35, 909 P.2d 765, 773, n. 35. See also *Seitsinger v. Dockum Pontiac, Inc.*, 1995 OK 29, ¶¶ 16–17, 894 P.2d 1077, 1080–81; *Davis v. Leitner*, 1989 OK 146, ¶ 15, 782 P.2d 924, 927.

39. The focus in summary process is not on the facts which might be proven at trial, but rather on whether the evidentiary material in the record tendered for elimination of trial reveals only undisputed material facts supporting but a single inference that favors the movant's quest for relief. *Polymer Fabricating, Inc. v. Employers Workers' Compensation Ass'n*, 1998 OK 113, ¶ 7, 980 P.2d 109, 112; *Hulsey v. Mid–America Preferred Ins. Co.*, 1989 OK 107, ¶ 8, n. 15, 777 P.2d 932, 936, n. 15.

40. To that end, the court may consider, in addition to the pleadings, items such as depositions, affidavits, admissions, answers to interrogatories, as well as other evidentiary materials which are offered in acceptable form without objection from other parties or are admitted over the challenging exception. *Polymer, supra* note 39, at ¶ 8, at 113; *Seitsinger v. Dockum Pontiac, Inc.*, 1995 OK 29, ¶¶ 16–17, 894 P.2d 1077, 1080–81.

41. *Russell v. Bd. of County Comm'rs*, 1997 OK 80, ¶ 7, 952 P.2d 492, 497. *See also Gray v. Holman*, 1995 OK 118, ¶ 11, 909 P.2d 776, 781.

42. An order that grants summary relief, in whole or in part, disposes solely of law questions. It is reviewable by a de novo standard. *Brown v.*

*Nicholson*, 1997 OK 32, ¶ 5, 935 P.2d 319, 321. See also *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084 ("Issues of law are reviewable by a de novo standard and an appellate court claims for itself plenary, independent and non-deferential authority to re-examine a trial court's legal rulings.").

43. *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053.

44. *Spirgis v. Circle K Stores, Inc.*, 1987 OK CIV APP 45, ¶ 10, 743 P.2d 682, 685 (approved for publication by the Oklahoma Supreme Court).

45. It is not the purpose of summary process to substitute a trial by affidavit for one by jury. Rather, it is to afford a method of summarily terminating a case (or eliminating from trial some of its issues) when only questions of law remain. *State ex rel. Fent v. State ex rel. Okla. Water Resources Bd.*, 2003 OK 29, ¶ 14, n. 31, 66 P.3d 432, 440, n. 31; *Bowers v. Wimberly*, 1997 OK 24, ¶ 18, 933 P.2d 312, 316; *Stuckey v. Young Exploration Co.*, 1978 OK 128, ¶ 15, 586 P.2d 726, 730.

46. 63 O.S.2001 § 2–503(A)(7), supra note 4.

47. The terms of 63 O.S.Supp.2002 § 2–506(G) provide:

> G. At a hearing in a proceeding against property described in paragraphs 3 through 9 of subsection A or subsections B and C of Section 2–503 of this title, the requirements set forth in said paragraph or subsection, respectively,

the burden shifts to the claimant to rebut the statutory presumption.[48]

¶ 27 The State's evidentiary material—the police officer's affidavit and the police department's laboratory analysis of the seized substances—establishes *prima facie* the requisite statutory connection that provides support for forfeiture. The baggies that were retrieved from Mitchell, as well as the bag which he dropped during the police chase, contained 31.85 grams of crack cocaine (base), **more than six times** the amount needed to support a trafficking charge.[49] The quantum of the seized forfeitable substances found in close proximity to the money ($1,267.00) was amply sufficient proof to shift to Mitchell the burden to show by counter-affidavit circumstances sufficient to raise a disputed issue of fact. Mitchell accepted as true all the facts proffered by the State's affidavit when he chose not to counter that affidavit's allegations by evidentiary material of his own.[50]

¶ 28 On this record, we hence hold the trial court correctly entered summary judgment for the State.

**shall be satisfied by the state by a preponderance of the evidence.**
(emphasis added).

48. *Id.*

49. The terms of 63 O.S.Supp.2002 § 2–415(A)(7)(a) provide:
A. The provisions of the **Trafficking in Illegal Drugs Act** shall apply to persons convicted of violations with respect to the following substances: * * *
7. **Cocaine base:**
a. **five (5) grams or more** of a mixture or substance described in paragraph 2 of this subsection which contains cocaine base, such violation shall be punishable by a fine of not less than Twenty-five Thousand Dollars ($25,-000.00) and not more than One Hundred Thousand Dollars ($100,000.00),
(emphasis added).

50. *Spirgis v. Circle K Stores, Inc., supra* note 44, at 684.

51. See 63 O.S.2001 § 2–503(A)(7), *supra* note 4.

52. Eighth Amendment, U.S. Constitution.

53. The constitutionality of the presumption found in 63 O.S.2001 § 2–503(A)(7), *supra* note 4, which regards money found near forfeitable substances to have been presumptively used in

# VI

## MITCHELL'S EIGHTH AMENDMENT ARGUMENT

¶ 29 Mitchell argued at nisi prius that the statutory phrase "found in close proximity to forfeitable substances"[51] must be construed in a way that takes into account the entire statute and avoids an application that would violate the Eighth Amendment's Excessive Fines Clause.[52] He argues here that the State's reliance upon a police officer's affidavit which merely recites that money was one of many items found during a search following a routine traffic stop is an insufficient evidentiary basis for an inference of the money's actual use in violation of the Uniform Controlled Dangerous Substances Act.[53]

¶ 30 Claimant's argument is unavailing. This is so because at nisi prius he failed to show by counter-affidavit either that the value of forfeited currency was utterly out of proportion to the criminal act's gravity or that the forfeited currency bore no nexus to the Act's violation.[54] The State's evidentiary

violation of the law, **was not timely challenged in the trial court.** Because no predicate stands laid for a constitutional attack, claimant's due process assault on certiorari must be viewed as simply repeating COCA's constitutional analysis made *sua sponte.*

54. In *Austin v. United States*, 509 U.S. 602, 620–21,113 S.Ct. 2801, 2805, 125 L.Ed.2d 488 (1993) the Court held that the forfeiture under federal forfeiture statutes is subject to the limitations of the Eighth Amendment's Excessive Fines Clause. The Court declined to establish a test for determining whether a forfeiture is constitutionally excessive, explaining that prudence dictates that the lower courts be allowed to consider that question in the first instance. The Court explained in *U.S. v. Bajakajian*, 524 U.S. 321, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998), that the touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality. The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish. If the amount of the forfeiture is grossly disproportional to the gravity of the offense, it is unconstitutional. Bajakajian was charged with failing to report, as required by federal law, that he was transporting out of the country more than $10,000 in currency. The Court held that the forfeiture of $357,144,00, the amount that he was

materials are clearly sufficient to shift the burden of proof to the claimant and to cast on the latter the burden to dispute by his own affidavit the evidentiary materials to be pressed in opposition to the State's forfeiture claim.

## VII

## SUMMARY

¶ 31 The trial court did not err in limiting the issues to the forfeiture case laid before it. It was under no duty to adjudicate in this proceeding two discrete claims arising out of entirely separate money seizure events. The trial judge correctly refused to consider Mitchell's request for relief from the earlier forfeiture when the court was called upon to decide the rights flowing from the second forfeiture.

¶ 32 The caption of an appeal must follow the very same style and sequence of the parties as that which was used in the trial court's judgment or order from which the appeal was taken.

¶ 33 The State's evidentiary material admitted in summary process establishes *prima facie* the requisite connection borne by the forfeited money to the forfeitable substances. Claimant failed to counter the State affidavit's allegation by contradicting evidentiary material of his own.

¶ 34 On certiorari previously granted upon the State's petition, the Court of Civil Appeals' opinion is vacated and the trial court's judgment is affirmed.

¶ 35 WATT, C.J., WINCHESTER, V.C.J., LAVENDER, HARGRAVE, KAUGER, EDMONDSON and TAYLOR, JJ., concur.

¶ 36 COLBERT, J., disqualified.

carrying when he was preparing to board an international flight, was grossly disproportional to the offense.