2006 OK CIV APP 74

**STATE of Oklahoma, ex rel., C. Wesley LANE, Plaintiff/Appellee,**

v.

**SEVEN HUNDRED TWENTY FIVE DOLLARS ($725.00), Defendant.**

**Oliver Thomas Stringer, Claimant/Appellant.**

**No. 101,756.**

Court of Civil Appeals of Oklahoma, Division No. 2.

May 16, 2006.

Beverly A. Palmer, Assistant District Attorney, Oklahoma City, OK, for Plaintiff/Appellee.

Oliver Thomas Stringer, Helena, OK, appellant, pro se.

Opinion by JANE P. WISEMAN, Presiding Judge.

¶ 1 In this forfeiture action, Oliver Thomas Stringer (Claimant) appeals the denial of his motion to vacate a default judgment in which the trial court ordered forfeiture of $725 to the State of Oklahoma (State).

¶ 2 Claimant was stopped on February 28, 2000, for traffic violations, and during a subsequent search of his vehicle, approximately 75 pounds of cocaine were discovered. Claimant and his passenger were arrested, and the vehicle and $725 in cash were confiscated.[1] On March 10, 2000, State filed this forfeiture action as to both the vehicle and the cash and mailed notice to Claimant and the passenger. Claimant's mail was signed for by his wife, Irene Stringer, on April 24, 2000, and passenger signed for his mail on March 17, 2000. Notice was also given by publication on March 13, 2000, and Claimant was given additional notice by personal service in the Oklahoma County jail on May 4, 2000, after being arrested on an outstanding warrant on April 27, 2000. Claimant was subsequently convicted in 2001 of trafficking and sentenced to 30 years in the penitentiary.

---

1. Although Claimant seeks recovery of the full $725, it is undisputed that only $379 belonged to Claimant; the remaining $346 belonged to the passenger and cannot be claimed by Claimant. Claimant does not contest the forfeiture of the vehicle.

¶ 3 No entry of appearance, motion, response or answer was filed by either Claimant or passenger. On May 5, 2000, the trial court granted default judgment to State and ordered forfeiture of the vehicle and the $725 to State.

¶ 4 On December 15, 2004, Claimant filed a motion to vacate the default judgment under 12 O.S. Rev. Supp.2005 § 1031 but did not specify any subdivision of that section as applicable. State filed its response on December 29, 2004. The trial court denied the motion to vacate without a hearing on January 12, 2005, and Claimant appeals this denial.

¶ 5 As grounds for reversal, Claimant asserts lack of due process in obtaining the original judgment granting forfeiture of the money, insufficient evidence linking the money to any forfeitable substances, lack of due process in 63 O.S. Rev. Supp.2005 § 2–503(A)(7)'s[2] imposition of the burden on Claimant to rebut the presumption of forfeitability based on the money's close proximity to forfeitable substances, and tolling of the statute of limitations based on Claimant's legal disability due to his incarceration.

¶ 6 A request to vacate a judgment is addressed to the sound legal discretion of the trial court. *Gearhart Indus., Inc. v. Grayfox Operating Co.,* 1992 OK CIV APP 44, ¶ 7, 829 P.2d 1005, 1007. The standard of review of a trial court determination granting or denying a motion or petition to vacate is therefore whether the trial court abused its discretion. *Patel v. OMH Med. Ctr., Inc.,* 1999 OK 33, ¶ 20, 987 P.2d 1185, 1194.

¶ 7 On the issue of due process, Claimant does not dispute that State met the statutory provisions of 63 O.S. Rev. Supp.2005 § 2–506 in obtaining the order of forfeiture. He takes issue with State's failure to notify him of the default proceedings, failure to have Claimant present at the default hearing, and

failure to produce evidence at the default hearing that would warrant forfeiture of the money at issue. Claimant does not assert ignorance of or lack of notice of the pending forfeiture proceedings, and the record shows three independent, successful services of process on Claimant to notify him of the 45–day period under 63 O.S. Rev. Supp.2005 § 2–506(D) to respond to the notice by verified answer and lay claim to the property.[3]

¶ 8 Although notice of Claimant's rights under § 2–506(D) was given, Claimant did not respond within the statutory period. If no timely verified answer is filed, the court may proceed to determine the forfeiture issues by default; pursuant to 63 O.S. Rev. Supp.2005 § 2–506(E), a hearing is required only if a verified answer is filed.[4] Claimant was notified of his right to object to the forfeiture and of his right to be heard in opposition to State's request for forfeiture but failed to exercise these rights. We therefore conclude that Claimant has failed to show any due process violation in the entry of this forfeiture judgment by default.

¶ 9 On the issues of lack of evidence linking the money to any forfeitable substances and lack of due process in requiring him to rebut the "close proximity" presumption of forfeitability, Claimant cites the Court of Civil Appeals decision in *State ex rel. Harris v. One Thousand Eight Hundred Seventy–Seven Dollars ($1877.00), Carl Demetrius Mitchell, Claimant,* Case No. 99,377, July 2004. In *Mitchell,* the Court of Civil Appeals determined that the rebuttable presumption that money is forfeitable when found in close proximity to forfeitable substances was unconstitutional and that State must make a *prima facie* case without this presumption in order to establish the basis for the requested forfeiture.

---

**2.** Although 63 O.S. § 2–503(A)(7) has been amended since the forfeiture in 2000, the substantive portion remains unchanged, and the burden of proof remains with a claimant.

**3.** Title 63 O.S. Rev. Supp.2005 § 2–506(D) provides:

Within forty-five (45) days after the mailing or publication of the notice, the owner of the

property and any other party in interest or claimant may file a verified answer and claim to the property described in the notice of seizure and of the intended forfeiture proceeding. Although § 2–506 has been twice amended since 2000, subsection (D) remains unchanged.

**4.** Subsection E also remains unchanged by the amendments to § 2–506.

¶ 10 The Oklahoma Supreme Court granted *certiorari* on March 22, 2005, and issued its opinion on March 7, 2006 (*State of Oklahoma, Timothy H. Harris v. One Thousand Two Hundred Sixty–Seven Dollars ($1267.00)*, 2006 OK 15, 131 P.3d 116). In a unanimous decision, the Supreme Court rejected the argument that § 2–503(A)(7) unconstitutionally allows State a rebuttable presumption of forfeitability based on "close proximity" without evidence to establish a *prima facie* case. State in *Mitchell* moved for summary judgment and submitted evidentiary materials in support of its motion, and the trial court granted its motion. Mitchell asserted on appeal that forfeiture based on summary adjudication violated due process. The Supreme Court disagreed:

> The State's evidentiary material—the police officer's affidavit and the police department's laboratory analysis of the seized substances—establishes *prima facie* the requisite statutory connection that provides support for forfeiture.... The quantum of the seized forfeitable substances found in close proximity to the money ($1,267.00) was amply sufficient proof to shift to Mitchell the burden to show by counter-affidavit circumstances sufficient to raise a disputed issue of fact. Mitchell accepted as true all the facts proffered by the State's affidavit when he chose not to counter that affidavit's allegations by evidentiary material of his own.

*Id.* at ¶ 27, 131 P.3d at 126 (footnote omitted).

■ ¶ 11 Although the instant case did not involve summary process, we are confronted with the same arguments by Claimant as those raised by Mitchell and rejected by the Supreme Court. When it filed its "Notice of Seizure and Intended Forfeiture" in this case, State attached and submitted the arresting police officer's affidavit setting out the factual basis for its forfeiture request. We therefore find, pursuant to *Mitchell,* that this constitutes a *prima facie* showing of the nexus between the seized cocaine and the

money found in close proximity. There is no basis to conclude that the record lacks sufficient evidence on which to grant forfeiture.

¶ 12 Under the holding in *Mitchell,* the burden then shifts to Claimant to rebut this showing, and, as in *Mitchell,* Claimant, in defaulting on State's forfeiture claims, chose not to answer State's claims or to counter the officer's affidavit. With State's affidavit before it establishing a *prima facie* case and nothing from Claimant to rebut it, the trial court was correct in granting default judgment to State, and we reject Claimant's arguments of lack of evidence and lack of due process.

■ ¶ 13 Claimant's final contention addresses State's assertion that Claimant's motion to vacate is barred by the time limitations of 12 O.S.2001 § 1038. Although Claimant did not specify which of the nine subdivisions of § 1031 he was relying on, and disregarding the question of whether he has complied with the requirements of 12 O.S. 2001 § 1033 [5] of seeking vacation by petition and service of process, in waiting four years and 7 months before filing his request for relief, he was well beyond the time limits specified in § 1038. Claimant states in his brief that "[a]fter spending some time researching this issue, through due diligence, [he] decided to commence his action." He urges us to find that under 12 O.S.2001 § 96, the statute of limitations applicable to his motion is tolled because he is under a legal disability due to his incarceration. Section 96 provides:

> If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed....

¶ 14 It is unclear whether this provision, with its exception for "forfeitures," could be

---

5. Under § 1033, if Claimant is seeking to vacate this forfeiture on grounds stated in subdivisions 2, 4, 5, 6, 7, 8, or 9 of Section 1031, he must proceed by petition, verified by affidavit, setting forth the judgment to be vacated, the grounds for vacating it, and his defense to the original action, and he must issue summons and serve it on the opposing party "as in the commencement of a civil action."

applied to this case. However, we have found no Oklahoma court decisions extending the "legal disability" provisions of § 96 to prisoners or inmates. In *Miskovsky v. Gray*, 109 F. App'x 245, 249, 2004 WL 1909462 (10th Cir.2004), the Tenth Circuit held:

> We reject plaintiff's claim that Oklahoma law tolls the two-year limitations period during his confinement. As plaintiff has conceded, the Oklahoma Supreme Court has never squarely addressed the prisoner-tolling issue, and we are not convinced by plaintiff's arguments regarding *Okla. Stat. Tit. 12, § 96*. We also note that we have previously rejected similar prisoner-tolling arguments in several unpublished orders and judgments applying Oklahoma law. . . . Although these prior unpublished decisions are not binding precedent, in the absence of any Oklahoma authority squarely on point, we will continue to follow their reasoning.

(Footnote omitted.)

¶ 15 We find Claimant's argument unpersuasive: he has presented no factual underpinning or justification for a delay of more than four and a half years nor any legal argument for the inclusion of incarceration with other time-honored legal disabilities such as minority or mental incapacity. To hold otherwise would extend the statute of limitations until one year after Claimant's release, which could be in the year 2032. We agree with State's argument in its response to the motion to vacate that Claimant's request to set aside the judgment was untimely and barred by the provisions of § 1038, and we decline to extend the "legal disability" provision of § 96 to prisoners to toll limitations periods.

¶ 16 We conclude for the above reasons that the trial court did not abuse its discretion in refusing to vacate this judgment, and we affirm its decision.

¶ 17 AFFIRMED.

GOODMAN, J., and RAPP, V.C.J. (sitting by designation), concur.